IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHESTER COUNTY HOSPITAL         )    Civil Action
                              )
       v.                  )
                              )
INDEPENDENCE BLUE CROSS, ET AL. )   No. 02-2746

## ORDER

**AND NOW**, this 3rd day of September, 2002, upon consideration of Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, and the response thereto, **IT IS HEREBY ORDERED** that said Motion is **DENIED**.[1]

---

[1]Federal Rule of Civil Procedure 11 requires that attorneys present pleadings based on the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. Fed. R. Civ. P. 11(b). An inquiry is considered reasonable under the circumstances if it provides the party with an "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." Bensalem Township v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994). "Rule 11 authorizes sanctions against a signer of a pleading presented for an improper purpose and requires only a showing of objectively unreasonable conduct." In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 188 (3d Cir. 2002). Counsel must conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation. Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994); Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986). The allegations and other factual contentions in the pleadings must have evidentiary support. Fed. R. Civ. P. 11(b)(3). Rule 11 sanctions may be awarded in exceptional circumstances in order to "discourage plaintiffs from bringing baseless actions or making frivolous motions." Bensalem Township, 38 F.3d at 1314. Thus, the mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation. Simmerman, 27 F.3d at 62. Sanctions are discouraged where conduct does not reach the point of clear abuse. Kuhns v. CoreStates Fin. Corp., 998 F.

Supp. 573, 577 (E.D. Pa. 1998).

Defendants contend that the Complaint is based on facts that Plaintiff knows to be false.  Specifically, Defendants contend that the Complaint's allegations contradict prior statements made by Plaintiffs in certain marketing materials.  In the materials for marketing of a $23 million revenue bond, Plaintiff stated that "[i]n October 2000, the Hospital entered into a new five-year contract with Blue Cross . . . .  Based upon the contracts renegotiated to date, management expects that managed care reimbursement will be slightly at or above current costs for care." (Defs.' Mot. Ex. B at A-26).  In the Complaint, Plaintiff alleges that Defendants reimburse Plaintiff at levels below cost.  Plaintiff responds that the cited bond statement refers to all of the Hospital's contracts with its managed care organizations in aggregate, and does not specifically or individually refer to its contract with Defendants.  Plaintiff points out that the same bond document also states that the Hospital had contracted to provide care to certain Medicaid patients "at Blue Cross HMO rates, which are at or slightly below the Hospital's per diem costs required to provide the service."  (Defs.' Mot. Ex. B at A-27).

Defendants also argue that the Complaint contradicts a bond document statement that the source of pressure to accept lower reimbursement rates was "largely statutory."  (Defs.' Mot. at 5).  In fact, the passage cited by Defendants clearly states that the source is both statutory and resulting from efforts by managed care organizations.

At this time, the Court cannot say that the allegations are frivolous or that the Complaint constitutes abusive litigation or a misuse of the Court's process.  Given Plaintiff's explanations of its statements in the bond document, it is not absolutely clear that the bond document contradicts the Complaint.  Moreover, to the extent the documents may contradict each other, the contradictions are insufficient to establish that the Complaint was not filed with an objective knowledge or belief that the claims were well-grounded in law and fact.  In fact, Plaintiff cites multiple passages from the bond document, as well as evidence from other sources, demonstrating evidentiary support for its Complaint.  Although it is too early to determine whether the evidence is sufficient to withstand a motion for summary judgment, the evidence easily withstands the instant Rule 11 motion.  <u>See</u>, <u>e.g.</u>, <u>Berger v. Institute of Pa. Hosp.</u>, Civil Action No.88-6650, 1989 U.S. Dist. LEXIS 4956, at *6 (E.D. Pa. May 8, 1989) ("Although the Court will grant the defendant's Motion for Summary Judgment, the defendant's Motion for Sanctions under Fed. R. Civ. P. 11 will be denied. Considering all the evidence in the case, and notwithstanding certain allegations of the Complaint which are contrary to the

BY THE COURT:

_____
John R. Padova, J.

---

seemingly undisputed facts, the Complaint does not appear to be frivolous or filed in bad faith or otherwise violative of Rule 11."). See also Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Inv., 951 F.2d 1399, 1413 (3d Cir. 1991) ("Merely because [plaintiff's] arguments failed to win the day does not warrant Rule 11 sanctions."); Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 69 (3d Cir. 1988), cert. denied, 488 U.S. 848 (1988) ("Rule 11 may not be invoked because an attorney, after time for discovery, is unable to withstand a motion for summary judgment.").