IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHESTER COUNTY HOSPITAL, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 02-2746 |
| | : | |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| QCC INSURANCE COMPANY, | : | |
| KEYSTONE HEALTH PLAN EAST, and | : | |
| KEYSTONE MERCY HEALTH PLAN, | : | |
| | : | |
| Defendants. | : | |

## RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party, Highmark, Inc. ("Highmark"), by and through its counsel, Reed Smith LLP, serves the following responses and objections to The Chester County Hospital's ("Chester") Subpoena Duces Tecum:

### GENERAL OBJECTIONS

The following objections shall apply to each answer provided by Highmark to Chester's Subpoena Duces Tecum and Exhibit A, Designated Documents to Produce for Inspection and Copying (collectively, "Subpoena") as though fully set forth at length therein:

      1.    Highmark objects to Chester's Subpoena as unreasonably burdensome, overly broad, unduly oppressive, and because it seeks immaterial and/or irrelevant information.

      2.    Highmark objects to Chester's Subpoena to the extent that it suggests or requires any burdens, responsibilities or objections beyond those set forth by the Federal Rules of Civil Procedure. Highmark specifically objects to certain Instructions accompanying Chester's Subpoena. Highmark objects to Instruction No. 1 given that nothing in the Federal Rules of Civil Procedure requires production of information in electronic format. Highmark objects to Instruction No. 3 and will produce responsive documents as kept in the ordinary course of business, as permitted by Fed.R.Civ.P. 45(d)(1).

      3.    Highmark objects to Chester's Subpoena to the extent that it calls for production of information protected by the attorney-client privilege and/or the attorney work product doctrine.

4. Highmark objects to Chester's Subpoena to the extent that it requires Highmark to provide information that is no longer in its possession, custody or control, or is equally available to Chester or another party to this litigation.

5. Highmark objects to Chester's Subpoena to the extent that it seeks documents and information from all entities affiliated with Highmark, Inc., and any and all products sold, marketed or developed by any such affiliate of Highmark, Inc. in that the definition is overly broad and seeks information that is immaterial and/or irrelevant. As such, Highmark, Inc. objects to the definition of "you," "your," and "Highmark" in the Subpoena and intends to respond to this Subpoena only on behalf of Highmark, Inc. (including the names under which Highmark, Inc. does business), and the products sold, marketed, and developed by Highmark, Inc.

6. Highmark objects to Chester's Subpoena to the extent it seeks confidential and proprietary information, which will only be disclosed after a confidentiality/protective order is signed which permits Highmark to produce certain documents designated as "confidential" or for "attorneys eyes only" review. In addition, Highmark objects to this Subpoena to the extent it seeks the production of documents which are shielded from production by confidentiality agreements entered into between Highmark and third parties.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Without waiving the foregoing General Objections, which are included in the following Responses and Objections as if fully set forth therein, Highmark answers:

1. Documents sufficient to show the trade names under which Highmark offers hospital benefits as well as the geographic areas served by Highmark under each individual trade name.

**Response/Objection:** Highmark objects to this request as being overly broad and seeking immaterial and/or irrelevant information. Subject to and without waiving the foregoing objections, Highmark will produce a document which describes the trade names under which it operates within the Commonwealth of Pennsylvania.

2. Documents relating to the Defendants.

**Response/Objection:** Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information. Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

3. Documents relating to the Chester County Hospital.

**Response/Objection:** Highmark objects to this request as being unreasonably burdensome, overly broad, unduly oppressive, and seeking immaterial and/or irrelevant information. Subject to and without waiving the foregoing objections, Highmark states that it does not contract with Chester County Hospital and is aware of no particular documents in its files relating thereto. It

would be unduly burdensome for Highmark to search every piece of paper in the company's files to determine if there is any miscellaneous document that may refer or relate to this hospital.

      4.      Documents relating to the Lawsuit.

**Response/Objection:**  As of the time of answering, Highmark is aware of no such documents, other than the Subpoena issued by Plaintiff to Highmark in this case and pleadings retrieved from the docket in this case.

      5.      Documents relating to competition for health care financing products and services in the Greater Philadelphia Area.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, and vague.  Highmark specifically objects to the undefined terms and/or phrase "competition for health care financing products and services." Subject to and without waiving the foregoing objections, Highmark will produce documents, if any, which it believes to be responsive to this request.

      6.      Documents relating to Highmark's potential entry or expansion of product offerings in the Greater Philadelphia Area, including, but not limited to, documents relating to Highmark's potential marketing, selling, or otherwise offering its Blue Cross Products or any other hospital insurance products in the Greater Philadelphia Area.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, and vague.  Subject to and without waiving the foregoing objections, Highmark is not aware of any documents responsive to this request.

      7.      Documents relating to any planned, proposed, or considered affiliation, merger, or acquisition involving Highmark and the Defendants.

**Response/Objection:**  Subject to the foregoing General Objections, Highmark will produce documents responsive to this request.

      8.      Documents relating to any discussion, negotiation, or communication between Highmark and any hospital or other health care provider in the Greater Philadelphia Area regarding Highmark's potential entry or expansion of product offerings in the Greater Philadelphia Area.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, and vague.  Subject to and without waiving the foregoing objections, Highmark is not aware of any documents responsive to this request.

      9.    Documents relating to any reason(s) Highmark does not compete with the Defendants.

**Response/Objection:**  Highmark objects to this request as being overly broad, vague and ambiguous.  Highmark specifically objects to the undefined term "compete" in the request.  Subject to and without waiving these objections, Highmark does not believe that any such documents exist.

      10.    Documents relating to any agreement, understanding, contract, or communication relating to competition (or the absence thereof) between Highmark and the Defendants.

**Response/Objection:**  Highmark objects to this request as being overly broad, vague and ambiguous.  Highmark specifically objects to the undefined term "competition" in the request.  Subject to and without waiving these objections, Highmark does not believe that any such documents exist.

      11.    Documents relating to any communications between Highmark and any firm offering health care financing products in the Greater Philadelphia Area.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

      12.    Documents relating to the Inter-County Hospitalization Plan, Inc.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

      13.    Documents relating to Inter-County Health Plan, Inc.

**Response/Objection:**   Highmark objects to this request as being unreasonably burdensome, overly broad, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

      14.    Documents relating to Independence Blue Cross and Pennsylvania Blue Shield Caring Foundation for Children.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant

information. Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

       15.     Documents relating to the Joint Programs jointly marketed by Highmark and the Defendants.

**Response/Objection:** Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information. Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case. By way of further response, documents describing these programs are available from Defendants.

       16.     Documents relating to the Participation Agreement.

**Response/Objection:** Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information. Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case. Subject to and without waiving the foregoing objections, Highmark states that IBC is a party to this agreement and it is available from Independence Blue Cross ("IBC").

       17.     Documents relating to Highmark's new arrangement to replace the existing Participation Agreement, as that arrangement is described on page 44 of Highmark's 2000 Annual Report and page 15 of Highmark's 2001 Annual Report.

**Response/Objection:** Highmark objects to this request as being unreasonably burdensome, overly broad, unduly oppressive, and seeking immaterial and/or irrelevant information. Subject to and without waiving the foregoing objections, Highmark states that IBC is a party to this arrangement and it is available from IBC.

       18.     Since June 1, 1994, documents relating to any new, expanded, or existing product offerings in the Greater Philadelphia Area proposed, contemplated, considered, or projected in evaluating or consummating the consolidation of Medical Services Association of Pennsylvania and Veritus Ind. to form Highmark (as that consolidation is described on page 15 of Highmark's 2001 Annual Report).

**Response/Objection:** Highmark objects to this request as being vague, unreasonably burdensome, overly broad, unduly oppressive, and seeking immaterial and/or irrelevant information. To the extent that Highmark understands this request, it does not believe that there are any responsive documents.

      19.    Documents relating to Highmark's Agency Agreements.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.  Subject to and without waiving the foregoing objections, Highmark will produce copies of the Agency Agreements.

      20.    Documents relating to Capital Blue Cross.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

      21.    Documents relating to Highmark's termination of its joint operating agreement with Capital Blue Cross, as described on page 14 of Highmark's 2001 Annual Report.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

      22.    Documents relating to any discussion, negotiation, or communication between Highmark and Capital Blue Cross regarding any agreement or contract to which Highmark is a party.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

      23.    Documents relating to any legal or regulatory dispute between Highmark and Capital, including, but not limited to, any matter before the Pennsylvania Department of Insurance.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

24.     Since January 1, 1995, documents relating to the sale or transfer of any assets, businesses, products, or plans from Highmark to the Defendants.

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, unduly oppressive, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.  Subject to and without waiving the foregoing objections, Highmark will produce an Assumption Reinsurance Agreement, dated May 16, 1997, and a Purchase Agreement, dated December 6, 1996.

25.     Documents relating to Highmark's potential or actual selling, offering, or marketing, in the twenty-one counties of South Central Pennsylvania and the Lehigh Valley area (as those geographic areas are described on page 14 of Highmark's 2001 Annual Report), of its Blue Cross Products, any product that provides hospital insurance, or any other product to replace those previously offered to customers by its joint programs with Capital Blue Cross (as described on page 14 of Highmark's 2001 Annual Report).

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, boundless in scope, unduly oppressive, and seeking immaterial and/or irrelevant information.  Such an undefined request could encompass hundreds of thousands of potential documents that are neither relevant nor material to Plaintiff's case.

26.     Since January 1, 1999, provide copies of each contract between Highmark and hospitals in the twenty-one counties of South Central Pennsylvania and the Lehigh Valley area (as those geographic areas are described on page 14 of Highmark's 2001 Annual Report).

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, and seeking immaterial and/or irrelevant information. In addition, Highmark objects to this request for the reason that it requires the production of documents that are confidential and proprietary.

27.     Since January 1, 1999, provide copies of each contract between Highmark and purchasers of Highmark's health plans in the twenty-one counties of South Central Pennsylvania and the Lehigh Valley area (as those geographic areas are described on page 14 of Highmark's 2001 Annual Report).

**Response/Objection:**  Highmark objects to this request as being unreasonably burdensome, overly broad, and seeking immaterial and/or irrelevant information. In addition, Highmark objects to this request for the reason that it requires the production of documents that are confidential and proprietary.

-8-

      28.    All documents constituting or reflecting Highmark's policies and procedures relating to the retention or destruction of documents, including all backup procedures for automated information systems (including e-mails).

**Response/Objection:**  Highmark objects to this request as being overly broad and seeking immaterial and/or irrelevant information.  Subject to and without waiving the foregoing objections, Highmark will produce a manual reflecting such policies.

 

_____
DANIEL I. BOOKER
Pa. I.D. No. 10319
NATALIE CHETLIN MORITZ
Pa. I.D. No. 65174
P. GAVIN EASTGATE
Pa. I.D. No. 86061

REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3131

Counsel for Highmark, Inc.

Dated:  November 25, 2002

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Highmark, Inc.'s Responses and Objections to Subpoena Duces Tecum, was served on the following via First Class U.S. Mail on this 25th day of November, 2002:

Daniel A. Kotchen, Esquire
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, DC 20015

Paul S. Diamond, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 J.F. Kennedy Boulevard
Philadelphia, PA 19103-1895

_____
Counsel for Highmark, Inc.