IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CHESTER COUNTY HOSPITAL,  )<br>  )<br>      Plaintiff  )<br>  )<br>      v.  )<br>  )<br>INDEPENDENCE BLUE CROSS, QCC  )<br>INSURANCE COMPANY, KEYSTONE  )<br>HEALTH PLAN EAST and KEYSTONE  )<br>MERCY HEALTH PLAN,  )<br>  )<br>      Defendants  )  | Civil Action No. 02-CY-2746 (E.D.Pa.) |

### OBJECTIONS OF HIGHMARK, INC. TO THE JANUARY 17, 2003 SUBPOENA OF PLAINTIFF CHESTER COUNTY HOSPITAL

To:   Daniel I. Kotchen, Esquire
        Boies, Schiller & Flexner, LLP
        5301 Wisconsin Avenue, N.W.
        Washington, D.C.  20015

Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, Highmark, Inc. ("Highmark") objects to the January 17, 2003 subpoena that counsel for Plaintiff, Chester County Hospital ("Plaintiff"), sent to Natalie Moritz of the law firm of Reed Smith LLP.  To date, Plaintiff has not served this subpoena on Highmark.  Nevertheless, Highmark objects to Plaintiff's subpoena, a copy of which is attached hereto, on the following grounds:

-2-

## **GENERAL OBJECTIONS**

1. Highmark objects to this subpoena on the grounds that it was never properly served on Highmark in accordance with the requirements of Rule 45 of the Federal Rules of Civil Procedure. Plaintiff sent its January 17 subpoena to Natalie Moritz of the law firm of Reed Smith LLP by overnight mail, not to Highmark or any other person authorized to accept service of process on Highmark's behalf.

2. Highmark objects to this subpoena on the grounds that Plaintiff failed to tender the fee required by Rule 45(b) of the Federal Rules of Civil Procedure.

3. Highmark objects to this subpoena on the grounds that it seeks the disclosure of Highmark's highly confidential and proprietary business information, the disclosure of which could severely prejudice Highmark.

4. Highmark objects to this subpoena to the extent it seeks to elicit confidential information concerning Highmark's relationship with non-parties that Highmark is not authorized to disclose.

5. Highmark objects to this subpoena to the extent it seeks to elicit confidential information concerning individuals to whom Highmark has provided health care insurance and other benefits, some or all of which Highmark is forbidden to disclose pursuant to state and federal statutes and regulations.

6. Highmark objects to this subpoena on the grounds that it is overly broad, unduly burdensome, and that it seeks to elicit information that is not relevant to any of the claims and/or defenses at issue in this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence.

-3-

7. Highmark objects to the subpoena to the extent that it seeks to elicit information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges.

8. Highmark objects to the definition of the term "Defendants" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9. Highmark objects to the definition of the term "Highmark" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10. Highmark objects to the definition of "Capital Blue Cross" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

11. Highmark objects to the definition of "Blue Cross of Northeastern Pennsylvania" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

12. Highmark objects to the subpoena to the extent it seeks to impose obligations on Highmark that exceed those obligations imposed by Federal Rules of Civil Procedure.

13. Highmark objects to the time period set forth in these requests as overly broad and unduly burdensome, and that the information for this time period is not relevant to the claims and/or defenses at issue in this litigation, and otherwise not

-4-

reasonably calculated to lead to the discovery of admissible evidence. Requiring a response from Highmark to this Subpoena will impose a severe and undue burden on Highmark.

						_____
						DANIEL I. BOOKER
						Pa. I.D. No. 10319
						NATALIE CHETLIN MORITZ
						Pa. I.D. No. 65174
						P. GAVIN EASTGATE
						Pa. I.D. No. 86061

						REED SMITH LLP
						435 Sixth Avenue
						Pittsburgh, PA 15219
						(412) 288-3131

						Counsel for Highmark, Inc.

Dated: February 10, 2003

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Objections of Highmark, Inc. to the January 17, 2003 Subpoena of Plaintiff Chester County Hospital was served on the following via First Class U.S. Mail on this 10th day of February, 2003:

>Daniel A. Kotchen, Esquire
>Boies, Schiller & Flexner LLP
>5301 Wisconsin Avenue, N.W.
>Washington, DC 20015
>
>Paul S. Diamond, Esquire
>Obermayer Rebmann Maxwell & Hippel LLP
>One Penn Center, 19th Floor
>1617 J.F. Kennedy Boulevard
>Philadelphia, PA  19103-1895

>_____
>Counsel for Highmark, Inc.