IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHESTER COUNTY HOSPITAL, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 02-2746 |
| | : | |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| QCC INSURANCE COMPANY, | : | |
| KEYSTONE HEALTH PLAN EAST, and | : | |
| KEYSTONE MERCY HEALTH PLAN, | : | |
| | : | |
| Defendants. | : | |

### RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party, Highmark, Inc. ("Highmark"), by and through its counsel, Reed Smith LLP, serves the following responses and objections to The Chester County Hospital's ("Chester") Subpoena Duces Tecum, dated February 4, 2003:

### GENERAL OBJECTIONS

The following objections shall apply to each answer provided by Highmark to Chester's Subpoena Duces Tecum and Exhibit A, Designated Documents to Produce for Inspection and Copying (collectively, "Subpoena") as though fully set forth at length therein:

1.     Highmark objects to Chester's Subpoena as unreasonably burdensome, overly broad, unduly oppressive, and because it seeks immaterial and/or irrelevant information.

2.     Highmark objects to Chester's Subpoena to the extent that it suggests or requires any burdens, responsibilities or objections beyond those set forth by the Federal Rules of Civil Procedure. Highmark specifically objects to certain Instructions accompanying Chester's Subpoena. Highmark objects to Instruction No. 1 given that nothing in the Federal Rules of Civil Procedure requires production of information in electronic format. Highmark objects to Instruction No. 3 and will produce responsive documents as kept in the ordinary course of business, as permitted by Fed.R.Civ.P. 45(d)(1).

3.     Highmark objects to Chester's Subpoena to the extent that it calls for production of information protected by the attorney-client privilege and/or the attorney work product doctrine.

4. Highmark objects to Chester's Subpoena to the extent that it requires Highmark to provide information that is no longer in its possession, custody or control, or is equally available to Chester or another party to this litigation.

5. Highmark objects to Chester's Subpoena to the extent that it seeks documents and information from all entities affiliated with Highmark, Inc., and any and all products sold, marketed or developed by any such affiliate of Highmark, Inc. in that the definition is overly broad and seeks information that is immaterial and/or irrelevant. As such, Highmark, Inc. objects to the definition of "you," "your," and "Highmark" in the Subpoena and intends to respond to this Subpoena only on behalf of Highmark, Inc. (including the names under which Highmark, Inc. does business), and the products sold, marketed, and developed by Highmark, Inc.

6. Highmark objects to Chester's Subpoena to the extent it seeks confidential and proprietary information, which may not be adequately protected by the protective order entered in this case.

7. Highmark objects to this Subpoena to the extent it seeks the production of documents which are shielded from production by confidentiality agreements entered into between Highmark and third parties, and because it seeks the production of documents, pleadings and information that have been filed under seal in another litigation matter.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Without waiving the foregoing General Objections, which are included in the following Responses and Objections as if fully set forth therein, Highmark answers:

1. Documents relating to the Highmark Lawsuit against Blue Cross of Northeastern Pennsylvania, including, without limitation:

   a. all pleadings and other documents filed with the Dauphin County Court of Common Pleas as well as the Commonwealth of Pennsylvania's Superior Court;

   b. any communications with either Blue Cross of Northeastern Pennsylvania or the Blue Cross Blue Shield Association regarding Blue Cross of Northeastern Pennsylvania (d/b/a First Priority Health)

   c. any communications regarding the suit;

   d. the effect on Highmark of Blue Cross of Northeastern Pennsylvania's operating HMO of Northeastern Pennsylvania,

-3-

**Response/Objection:** Highmark incorporates each of the General Objections as if set forth at length herein.

> _____
> DANIEL I. BOOKER
> Pa. I.D. No. 10319
> NATALIE CHETLIN MORITZ
> Pa. I.D. No. 65174
> P. GAVIN EASTGATE
> Pa. I.D. No. 86061
>
> REED SMITH LLP
> 435 Sixth Avenue
> Pittsburgh, PA 15219
> (412) 288-3131
>
> Counsel for Highmark, Inc.

Dated: February 18, 2003

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Highmark, Inc.'s Responses and Objections to Subpoena Duces Tecum, was served on the following via First Class U.S. Mail on this 18th day of February, 2003:

>   Daniel A. Kotchen, Esquire
>   Boies, Schiller & Flexner LLP
>   5301 Wisconsin Avenue, N.W.
>   Washington, DC 20015
>
>   Paul S. Diamond, Esquire
>   Obermayer Rebmann Maxwell & Hippel LLP
>   One Penn Center, 19th Floor
>   1617 J.F. Kennedy Boulevard
>   Philadelphia, PA  19103-1895

_____
Counsel for Highmark, Inc.