IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHESTER COUNTY HOSPITAL | : | CIVIL ACTION |
| | : | NO. 02-2746 |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| QCC INSURANCE COMPANY, | : | |
| KEYSTONE HEALTH PLAN EAST, and | : | |
| KEYSTONE MERCY HEALTH PLAN | : | |

## ORDER

AND NOW, this _____ day of _____ 2003, upon consideration of Plaintiff The Chester County Hospital's Opposition to Aetna Inc.'s Motion to Intervene and for a Protective Order, it is hereby ORDERED and DECREED that:

1. Aetna Inc.'s Motion to Intervene is GRANTED; and

2. Aetna Inc.'s Motion for a Protective Order as it relates to the proposed restriction on the law firm Duane Morris LLP is DENIED.

BY THE COURT:

_____
CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

PH2\734774.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHESTER COUNTY HOSPITAL | : | CIVIL ACTION |
| | : | NO. 02-2746 |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| QCC INSURANCE COMPANY, | : | |
| KEYSTONE HEALTH PLAN EAST, and | : | |
| KEYSTONE MERCY HEALTH PLAN | : | |

## ORDER

AND NOW, this _____ day of _____ 2003, upon consideration of Plaintiff The Chester County Hospital's Cross Motion to Compel the Return of Documents, it is hereby ORDERED and DECREED that Plaintiff's Cross Motion is GRANTED.  It is further ORDERED and DECREED that Aetna's counsel shall immediately return the documents and all copies, if any, bates numbered CCH 0029260 through CCH 0029265, to Counsel for Plaintiff.

BY THE COURT:

_____
CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHESTER COUNTY HOSPITAL | : | CIVIL ACTION |
| | : | NO. 02-2746 |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| QCC INSURANCE COMPANY, | : | |
| KEYSTONE HEALTH PLAN EAST, and | : | |
| KEYSTONE MERCY HEALTH PLAN | : | |

**PLAINTIFF THE CHESTER COUNTY HOSPITAL'S OPPOSITION TO AETNA INC.'S MOTION TO INTERVENE AND FOR A PROTECTIVE ORDER, AND PLAINTIFF'S CROSS MOTION TO COMPEL THE RETURN OF DOCUMENTS**

Plaintiff, The Chester County Hospital (the "Hospital"), by its attorneys, respectfully submits this Opposition to Aetna Inc.'s ("Aetna") Motion to Intervene and for a Protective Order (the "Motion") as it relates to the proposed restriction on the law firm Duane Morris LLP ("Duane Morris"). The Hospital also respectfully submits this Cross Motion to Compel the Return of Documents, seeking the return of certain inadvertently disclosed documents currently in the possession of Aetna's counsel.

**Introduction**

The Court's January 24, 2003 Protective Order (the "Order") defines the category "highly confidential" as information or the contents of any document which satisfies the definition of "confidential information," and "(a) which the Disclosing Entity contends is either proprietary or a trade secret, or (b) which reveals health care provider reimbursement rates or the negotiation of such reimbursement rates with health care providers." *See* Order at ¶ 7.

On May 30, 2003, the Hospital filed a Motion to Modify the Protective Order (the "Motion to Modify") to extend the protections of the Order to insurers, including Aetna (the "Insurers"), and limit disclosure of category (a) material designated "highly confidential" by

3

insurers to Defendant Independence Blue Cross ("IBC") in-house counsel who are not involved in making competitive business decisions. The Hospital also sought a modification to the Order restricting disclosure of category (b) material designated by insurers as "highly confidential" to outside counsel.

Additionally, the Motion to Modify sought to extend the protections of paragraph 10(a) of the Order to the insurers. This paragraph restricts access to information designated as highly confidential to a limited number of Duane Morris attorneys who have entered their appearance in this case and who have agreed to the restrictions in paragraph 10(a) concerning their practice. Thus, the Hospital is not wholly opposed to Aetna's Motion. It is, however, opposed to Aetna's Motion to the extent Aetna seeks to preclude the entire Duane Morris law firm from having access to its highly confidential information.[1]

## Argument

### 1. Aetna's Motion Should Be Denied as it Relates to the Proposed Restriction on the Entire Duane Morris Law Firm.

Failing to cite a single case where similar protection was ordered, Aetna moves for a complete restriction against Duane Morris from having access to its highly confidential information. In so moving, Aetna bears the burden of demonstrating that good cause exists for such an order and must be specific about the harm it will suffer absent the relief it seeks; broad allegations of harm are not sufficient to meet its burden. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-787 (3d Cir. 1994) (citations omitted). Aetna fails to meet its burden, however,

---

[1] Aetna argues that the Hospital intended to produce to IBC certain documents concerning Aetna without any confidentiality designation. See Aetna Inc.'s Motion at 5. In fact, the purpose of the May 22, 2003 letter from Lewis Olshin to James Crumlish was to give Aetna an opportunity to review these documents and file an appropriate motion prior to production to IBC. Production of the documents has not occurred pending the resolution of the outstanding motions related to the Order.

because absent the relief it seeks – precluding Duane Morris from its highly confidential information – Aetna will not suffer the specific harm it alleges – disclosure of confidential information to The Hospital and Health System Association of Pennsylvania ("HAP"). Indeed, there is no basis to grant the broad relief requested by Aetna and deprive the Hospital of having its counsel participate in this case.

Currently, paragraph 10(a) of the Order restricts the disclosure of highly confidential information to "outside counsel for the parties who have filed an entry of appearance in this matter and who agree not to represent the Delaware Valley Health Care Council of The Hospital and Health System Association of Pennsylvania… in the contract negotiations by IBC of health care provider reimbursement rates…" This protection was ordered by the Court to protect IBC from the situation Aetna alleges in its motion, namely the disclosure of highly confidential information to David Loder, a Duane Morris attorney and General Counsel for HAP. *See* Aetna Inc.'s Motion at Ex. A. In fact, in its Motion to Modify, the Hospital agreed that this protection should extend to the insurers.

While courts have restricted attorney access to proprietary information subject to a protective order, they have not done so with blanket restrictions like the one Aetna seeks against Duane Morris. Rather, courts have narrowly restricted access to those attorneys who are not involved in making competitive business decisions. *See* Ball Memorial Hospital, Inc., et al. v. Mutual Hospital Ins., Inc., 784 F.2d 1325, 1345-46 (7th Cir. 1986) (restricting access to prices bid by hospitals to obtain contracts with Blue Cross Blue Shield of Indiana, "unquestionably sensitive trade secrets," to trial counsel only); U.S. v. Dentsply Int'l, Inc., 187 F.R.D. 152, 159-62 (D. Del. 1999) (prohibiting disclosure of confidential information to in-house counsel involved in competitive decision making); Motorola Inc. v. Interdigital Tech. Corp., 1994 U.S.

Dist. Lexis 20714, *10-13 (D. Del. 1994) (erecting a "Chinese Wall" between in-house counsel involved in litigation from other in-house counsel to avoid disclosure of plaintiff's confidential information during defendant's future patent prosecutions); Carpenter Tech. Corp. v. Armco., Inc., 132 F.R.D. 24, 27-28 (E.D. Pa. 1990) (granting protective order against one in-house attorney involved in competitive decision making while denying protective order against another in-house attorney not so involved).

Under the Hospital's proposed modifications to the Order, access to highly confidential information will be restricted to those outside counsel who enter an appearance in this case – which David Loder has not – and who agree to the representation restrictions. This proposed protection is consistent with the aforementioned cases that have considered similar issues. It is therefore inappropriate to exclude the entire Duane Morris law firm from access to Aetna's highly confidential information.

## 2. Confidential Documents Inadvertently Disclosed to Aetna Should Be Returned.

By letters dated May 28 and May 29, 2003, the Hospital's counsel forwarded documents concerning Aetna to Mr. Crumlish to give Aetna an opportunity to review them and file an appropriate motion. *See* Letters from Lewis Olshin to James Crumlish dated May 28 and May 29, 2003, attached as Ex. A. Inadvertently included in these documents were documents bates numbered CCH 0029260 through CCH 0029265, which "contain IBC's confidential and proprietary information." *See* Aetna Inc.'s Motion at n.5. By letter dated June 4, 2003, the Hospital's counsel requested that Mr. Crumlish return the inadvertently produced documents. *See* Letter from Lewis Olshin to James Crumlish dated June 4, 2003, attached as Ex. B.

Despite recognizing that these documents contain "IBC's confidential and proprietary information," and despite a request from counsel, Mr. Crumlish has not returned the documents

to the Hospital's counsel, but rather he "has retained exclusive control over these documents." Id. Mr. Crumlish should return these documents to the Hospital's counsel given his recognition that they are confidential. The Hospital respectfully requests that the Court order Mr. Crumlish to immediately return the documents and all copies, if any, bates numbered CCH 0029260 through CCH 0029265. *See* Gould v. A&M Battery & Tire Service, et al., 1996 U.S. Dist. Le 12161 (M.D. Pa. 1996) (granting motion for protective order and to compel return of privilege documents inadvertently produced); Herman Goldner, Co., v. Cimco Lewis Indus., 58 Pa. D.& C.4th 173 (2002) (ordering return of inadvertently disclosed privileged documents).

## Conclusion

For all of the foregoing reasons, The Chester County Hospital respectfully opposes Ae Inc.'s Motion as it relates to the proposed restriction on the Duane Morris law firm, and respectfully moves the Court for an Order granting its Cross Motion to Compel the Return of Documents.

Respectfully Submitted,

_____

Lewis R. Olshin
Wayne A. Mack
Seth A. Goldberg
Duane Morris LLP
One Liberty Place
Philadelphia, Pennsylvania 19103-7396

Richard A. Feinstein
Daniel A. Kotchen
Boies, Schiller & Flexner LLP

## CERTIFICATE OF SERVICE

      I, Lewis R. Olshin, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff The Chester County Hospital's Opposition to Aetna, Inc.'s Motion to Intervene and F A Protective Order, and Plaintiff's Cross Motion to Compel the Return of Documents with Exhibits, has been served on June 6, 2003, upon the following counsel of record as follows:

*Via Hand Delivery:*

Paul S. Diamond, Esquire
Thomas A. Leonard, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103
*Counsel for Defendants*

*Via Federal Express:*

John DeQ. Briggs, III, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2402
*Counsel for Defendants*

_____
Lewis R. Olshin, Esq.