IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHESTER COUNTY HOSPITAL | : | CIVIL ACTION |
| | : | NO. 02-2746 |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| QCC INSURANCE COMPANY, | : | |
| KEYSTONE HEALTH PLAN EAST, and | : | |
| KEYSTONE MERCY HEALTH PLAN | : | |

**PLAINTIFF THE CHESTER COUNTY HOSPITAL'S RESPONSE TO CIGNA CORPORATION'S OBJECTION AND MOTION FOR A PROTECTIVE ORDER**

Plaintiff, The Chester County Hospital (the "Hospital"), by its attorneys, respectfully submits this Response to CIGNA Corporation's ("CIGNA") Objection and Motion for a Protective Order (the "Motion").

**RESPONSE**

The Hospital is not opposed to CIGNA'S Motion, but submits this Response to confirm that the supplemental protections sought by CIGNA are identical to the changes proposed by the Hospital in its Motion to Modify ("Motion to Modify") the Court's January 24, 2003 Protective Order (the "Order"). Pursuant to an agreement between the Hospital and CIGNA to move the Court to extend the protections of the Order to CIGNA and other insurers (the "Insurers"), on May 30, 2003, the Hospital filed its Motion to Modify and CIGNA filed its Motion. The same[1] proposed order, seeking additional protections for insurers' proprietary and confidential information, was attached to both Motions.

---

[1] The proposed order attached to the Hospital's Motion to Modify includes three additional paragraphs, 2i-2k, that relate only to Aetna.

PH2\734407.1

The current Order defines the category "highly confidential" as information or the contents of any document which satisfies the definition of "confidential information," and "(a) which the Disclosing Entity contends is either proprietary or a trade secret, or (b) which reveals health care provider reimbursement rates or the negotiation of such reimbursement rates with health care providers." *See* Order at ¶ 7. The Hospital's Motion to Modify sought to limit disclosure of category (a) material designated "highly confidential" by insurers to Defendant Independence Blue Cross ("IBC") in-house counsel who are not involved in making competitive business decisions, and sought to restrict disclosure of category (b) material designated by insurers as "highly confidential" to outside counsel.

CIGNA'S Motion, which states "that highly confidential information not be disclosed to IBC or CCH themselves, but be restricted to outside counsel with very limited exceptions, if any, and specifically under no circumstances may any disclosure of highly confidential information to inside counsel involved in any competitive decision making be permitted," is substantively the same as the Hospital's Motion to Modify.[2]

---

[2] The Hospital and CIGNA also agreed to other less fundamental but important changes to the Order as reflected in the Motion to Modify.

## **CONCLUSION**

For the foregoing reasons, The Chester County Hospital requests that its Motion to Modify the Order be granted.

> Respectfully Submitted,
>
> _____
> Lewis R. Olshin
> Wayne A. Mack
> Seth A. Goldberg
> Duane Morris LLP
> One Liberty Place
> Philadelphia, Pennsylvania 19103-7396
>
> Richard A. Feinstein
> Daniel A. Kotchen
> Boies, Schiller & Flexner LLP
> 5301 Wisconsin Avenue, N.W.
> Washington, D.C. 20015
>
> Attorneys for
> THE CHESTER COUNTY HOSPITAL