IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CHESTER COUNTY HOSPITAL,  )  <br>  )  <br> Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> INDEPENDENCE BLUE CROSS, QCC  )  <br> INSURANCE COMPANY, KEYSTONE  )  <br> HEALTH PLAN EAST, and KEYSTONE  )  <br> MERCY HEALTH PLAN,  )  <br>  )  <br> Defendants.  )  <br>  ) | **CIVIL ACTION NO. 02-CV-2746** |

**NON-PARTY HEALTH NET'S MOTION TO INTERVENE
AND FOR MODIFICATION OF THE JANUARY 24, 2003 PROTECTIVE ORDER**

1. Health Net of the Northeast, Inc. is not a party to the above litigation.

2. However, it was served with a non-party subpoena by plaintiff Chester County Hospital ("CCH").[1] The subpoena seeks confidential information, including strategic business plans developed by Health Net and reimbursement rates negotiated with other hospitals.[2] Health Net provided plaintiff with specific objections to the subpoena.

---

[1] The subpoena improperly was served upon Health Net of the Northeast, Inc. That entity does not have any documents relating to CCH or any other providers for that matter. Health Net of Pennsylvania, Inc. is the entity that provides a network of healthcare providers to members and contracted with CCH. Accordingly, all references to "Health Net" herein are to Health Net of Pennsylvania, Inc. exclusively.

[2] The subpoena from CCH specifically requests documents (1) "relating to Health Net's assessment of the greater Philadelphia market for health care financing products and services . . . ", (2)"sufficient to show Health Net's reimbursement rates for hospital services in the greater Philadelphia area", and (3) "sufficient to show the terms of contracts with purchasers of Health Net's health products, services, or plans (such as employers and purchasing groups in the greater Philadelphia area." We have been advised by plaintiff's counsel that plaintiff has withdrawn its fourth request.

3. In addition, Health Net was informed that defendant Independence Blue Cross ("IBC") is seeking documents from CCH relating to confidential contracts entered between Health Net and CCH and reimbursement rates negotiated by Health Net and CCH. CCH informed Health Net that it intended to produce confidential documents in response to that request unless Health Net objected to that production. Health Net thereafter notified CCH that it objected to the production of documents relating to the Health Net/CCH provider agreements and intended to file this application with this Court.

4. As set forth below, the Health Net-related information sought by IBC and CCH is highly confidential, and the current Protective Order will not adequately protect that information from inappropriate and harmful dissemination. For that reason, Health Net is seeking to intervene in this matter for the limited purpose of seeking modification of the January 24, 2003 Protective Order.

5. Health Net is a full-service health plan.

6. Health Net provides health benefits to its members through a network of health-care providers such as physicians and hospitals. The health care providers participate in the network pursuant to agreements that they enter with Health Net.

7. Provider agreements contain a fee schedule that indicates the amount of reimbursement the provider is entitled to receive from Health Net for services provided to Health Net's members.

8. Those negotiated fee schedules constitute confidential and proprietary information. They are highly sensitive, and, accordingly, Health Net maintains the fee schedules in the utmost confidence.

9. By virtue of an agreement, CCH serves as a provider in Health Net's network. The agreement contains confidential fee schedules.

10. Disclosure of Health Net's provider contracts (and the fee schedules contained therein) to its competitors would place Health Net at a distinct competitive disadvantage. Indeed, disclosure of that information would allow Health Net's competitors to obtain an unfair advantage when negotiating contracts and reimbursement rates with health care providers.

11. Regardless, the current Protective Order would allow in-house counsel for IBC – a health-care provider and competitor of Health Net – to obtain confidential documents regarding, among other things, Health Net's (1) contractual relationship with CCH, (2) negotiated reimbursement rates with health-care providers, and (3) strategic business plans for the Philadelphia market.

12. Health Net will be placed at a serious competitive disadvantage if IBC employees – such as its in-house counsel – are permitted to access and review that extremely sensitive information. Indeed, it would be patently unfair to provide IBC with an unobstructed window into Health Net's internal business strategies and transactions, especially considering that Health Net is <u>not a party</u> to the lawsuit.

13. In addition, under the current Protective Order, non-expert deponents would be permitted to review the highly confidential reimbursement rates, provider contracts, and strategic business plans of Health Net. Any disclosure to lay witnesses would unnecessarily jeopardize the secrecy of the information. Lay witnesses simply need not and should not be permitted to review highly confidential and proprietary information relating to non-party insurers such as Health Net. The only witnesses who even arguably have a need to see that complex and confidential information would be experts.

14. In light of the extraordinarily sensitive nature of the information that IBC and CCH are seeking regarding Health Net, the Protective Order should be modified before any highly-confidential documents regarding Health Net are produced.

15. Accordingly, Health Net should be permitted to intervene in this matter pursuant to Federal Rule of Civil Procedure 24(b)(2) for the limited purpose of seeking a modification of the current protective order.[3] Absent modification, Health Net's rights will be harmed irreparably. Indeed, once confidential documents have been disclosed, their secrecy cannot be revived.

16. Furthermore, the protective order should be modified so that information marked "highly confidential" may be disseminated only to (1) outside counsel for IBC and CCH, and (2) experts designated by the parties to provide opinions regarding the anti-trust allegations in the Complaint. Information considered "highly confidential" should include, but is not limited to, proprietary information, trade secrets, strategic business plans, provider contracts, and reimbursement rates. In addition, the Protective Order should be modified so that the protections of Paragraph 10(a) apply with equal force to Health Net.

---

[3] Non-party insurers Multiplan, Inc. and Aetna, Inc. submitted briefs that exhaustively demonstrated that intervention and modification of the Protective Order are both necessary and appropriate. For the sake of brevity and economy, Health Net simply joins in their motions and will rely on the legal reasoning and arguments set forth in those brief rather than repeat and rehash them here.

4

**WHEREFORE**, Health Net of the Northeast, Inc. respectfully requests that its Motion to Intervene and its Motion for Modification of the January 24, 2003 Protective Order be granted.

        Respectfully submitted,

        **McCARTER & ENGLISH, LLP**

        By: _____
           Michael J. Glasheen, Esq.
           Mellon Bank Center
           1735 Market Street,
           Suite 700
           Philadelphia, PA  19103
           215.979.3800

           Attorneys for Health Net of
           the Northeast, Inc.

Of Counsel:

Katie A. Gummer, Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102-4096
973.622.4444

Dated:  June 11, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHESTER COUNTY HOSPITAL, | ) ) ) | **CIVIL ACTION NO. 02-CV-2746** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| INDEPENDENCE BLUE CROSS, QCC INSURANCE COMPANY, KEYSTONE HEALTH PLAN EAST, and KEYSTONE MERCY HEALTH PLAN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of Health Net's Motion To Intervene And For Modification Of The January 24, 2003 Protective Order, IT IS HEREBY ORDERED that Health Net's Motion To Intervene And Motion For Modification Of The January 24, 2003 Protective Order is GRANTED.

BY THE COURT:

_____
Padova, J

CERTIFICATE OF SERVICE

I, Michael J. Glasheen, hereby certify that I caused to be served on June 11, 2003, a true and correct copy of Non-Party Health Net's Motion to Intervene and for Modification of the January 24, 2003 Protective Order by first-class mail upon the counsel indicated below:

Kevin R. Anthony, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, DC  20015

William J. Leonard, Esq.
Obermayer, Rebmann, Maxwell & Hippel LLP
One Penn Center
1617 John F. Kennedy Boulevard
19th Floor
Philadelphia, PA  19103

Mark J. Oberstaedt, Esq.
Archer & Greiner, P.C.
One S. Broad Street, Suite 1620
Philadelphia, PA  19107

_____
Michael J. Glasheen