IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER COUNTY HOSPITAL,<br>Plaintiff | : <br> : <br> : | NO. 2:02-cv-02746-JRP |
| VS. | : <br> : | |
| INDEPENDENCE BLUE CROSS, et al.,<br>Defendants | : <br> : | |

O R D E R

AND NOW, this 7th day of *July*, 2003, upon consideration of the Motion to Intervene and for Protective Order by Multiplan, Inc. (Doc. No. 54), the Motion for Protective Order by CIGNA (Doc. No. 55), the Motion to Intervene and for Protective Order by Aetna, Inc. (Doc. No. 56), the Motion to Intervene and for Protective Order by Coventry Healthcare of Delaware (Doc. No. 66), the Motion to Intervene and for Protective Order by Health Net of the Northeast, Inc. (Doc. No. 67), the Motion to Intervene, for Protective Order and to Quash by MultiPlan, Inc. (Doc. No. 83), the Motion to Modify Protective Order by Plaintiff Chester County Hospital (Doc. No. 57), and all Responses thereto, it is hereby ORDERED that:

1. The Protective Order entered between the parties in this matter and signed by the Court on January 24, 2003, is hereby MODIFIED as follows:

   A. Documents that include proprietary and trade secret information from third-party insurers (the "Insurers") shall be marked "highly confidential information" by the Disclosing Entity;

   B. Paragraph 10 of the Protective Order shall be modified as follows:

      j. The only IBC employee or officer to whom highly

        confidential information may be disclosed is Joseph Nolan. The only Chester County Hospital employee or officer to whom highly confidential information may be disclosed is Paul Vanore. Neither Mr. Nolan nor Mr. Vanore will be involved in "competitive decision making" for a period of two years from the date of this Order. For purposes of this paragraph, "competitive decision making" shall mean participating or advising in any or all of IBC's or Chester County Hospital's decisions made in light of information about a competitor. Both Mr. Nolan and Mr. Vanore shall submit an affidavit within five (5) days from the date of this Order stating that they shall use the highly confidential information in no way other than for purposes of the current litigation.

C. With regards to the Insurers, their strategic business plans and hospital contracts shall be considered "highly confidential" under the Order;

D. Material designated as highly confidential by the Insurers may not be disclosed to IBC, orally or otherwise, except under the conditions set forth under paragraph (b) above, irrespective of settlement negotiations;

E. The protections of Paragraph 10(a) shall apply with equal force to the Insurers, including CIGNA, Aetna, MultiPlan, Coventry and Health Net;

F. Paragraph 11 of the current protective order, addressing the filing of confidential and highly confidential information under seal, shall apply to any summary judgment motions;

G. The Insurers shall have the same notice and opportunity to object to the disclosure of confidential and highly confidential information to (1) deponents, (2) pre-trial hearing and trial witnesses, and (3) non-testifying consultants and experts;

H. Counsel for each party shall maintain a list of all persons to whom any third party confidential or highly confidential information is disclosed and the agreements signed by such persons, and shall provide counsel for a Disclosing Entity upon request with a copy of the list and signed agreements;

I. In the event that a party objects to an Insurer's good faith designation of confidential or highly confidential information, the procedural burden of moving the Court for relief shall be placed on the

       party-litigant;

J.   Any outside counsel to whom an Insurer's highly confidential information is to be disclosed shall be provided with a copy of the Order (as modified), and be advised, and agree, that they are bound by the Order;

K.   The Insurers shall receive forty-eight hours advance notice regarding any subpoenas issued by either party seeking the Insurers' highly confidential information.

L.   No more than six (6) copies shall be made of documents produced by the Insurers without the Insurers' express consent;

M.   At the conclusion of this litigation, the parties shall either destroy or return to the Insurers all documents produced by the Insurers, and confirm in writing that as to those documents the Order has been abided;

N.   Any notices that are to be provided to Aetna under the Order shall be sent via facsimile and 1st Class mail to: James C. Crumlish III, Elliott Reihner Siedzikowski & Egan P.C., 925 Harvest Drive, Suite 300, Blue Bell, PA 19422; Facsimile Number: (215) 977-1099.

2. Plaintiff's Motion to Compel Return of Confidential Documents Inadvertently Disclosed to Aetna is DENIED AS MOOT;

3. The aforementioned Motions to Intervene and for Protective Orders filed by the non-party Insurers are DENIED by reason of the relief already afforded by this Order.

     It is so ORDERED.

                            BY THE COURT:


                            _____
                            CHARLES B. SMITH
                      UNITED STATES MAGISTRATE JUDGE

```
7/7/03 Copy via fax to:
See attached list
```