IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CHESTER COUNTY HOSPITAL<br><br>v.<br><br>INDEPENDENCE BLUE CROSS,<br>QCC INSURANCE COMPANY,<br>KEYSTONE HEALTH PLAN EAST, and<br>KEYSTONE MERCY HEALTH PLAN | NO. 02-CV-2746 |

**AMENDED PROTECTIVE ORDER**

This cause having come before the Court upon motion of all parties to the above-captioned action, and the Court having determined that there is good cause therefor, it is

ORDERED that the provisions of this Protective Order ("Order") shall apply to all Litigation Materials, which are defined to include all documents and information produced by any party or persons or entities not a party to this Action in response to any discovery request promulgated under the Federal Rules of Civil Procedure in this Action. Litigation Materials shall also include all documents or information derived from Litigation Materials, all copies, excerpts or summaries thereof, and all deposition and hearing transcripts. The procedures for handling Litigation Materials at the time a summary judgment motion is filed and at the time of trial in this matter are not within the scope of this Order and will be addressed in a future Order of the Court.

1. Pursuant to Fed.R.Civ.P. 26(c)(2) and (7), if, in the course of this litigation, any party or non-party undertakes or is caused to disclose (the "Disclosing Entity") what the Disclosing Entity contends is "confidential information" or "highly confidential information," the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Order, except insofar as a court orders additional or different protections pursuant to a non-party's motion.

**Litigation Materials Eligible For Designation As "Confidential"
And Persons To Whom Such Information May Be Disclosed**

2.	For purposes of this Order, the term "confidential information" shall mean any information, or the contents of any document (including copies, transcripts, videos, and computer stored information), (a) which is within one or more of the categories of information described on Exhibit A hereto, (b) which the Disclosing Entity contends is confidential patient or member information, or (c) which counsel for the Disclosing Entity believes in good faith could be used to the detriment of the Disclosing Entity, by any competitor, supplier, purchaser or other relevant industry participants for a competitive advantage outside of this litigation.

3.	Confidential information shall not consist of any information which at any time has been: (a) produced, disclosed or made available to the public or otherwise available for public access; and/or (b) disclosed in connection with any governmental public filing or securities offering and which documents or information could not reasonably be assumed to be or have been intended to be kept confidential; provided, however, that confidential compilations of information shall not be deemed to have been so produced or disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation. Any information that has not been preserved or maintained in a manner calculated to preserve its confidentiality may not be designated as confidential.

4.	Counsel for the Disclosing Entity must initially designate documents or information as confidential information prior to actual production of the document or information by placing the notation "CONFIDENTIAL" on every page of each document so designated or, in the case of confidential information disclosed in a non-paper medium, (e.g., video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container.  To the extent a person to whom confidential information is disclosed copies, summarizes, or paraphrases the confidential information, or creates any other document from which the confidential information could be derived, the confidential information embodied

in those copies, summaries or other documents shall remain confidential and subject to the provisions of this Order. Notwithstanding the provisions of this Protective Order, counsel may, for the purpose of conducting meaningful, court-supervised settlement negotiations, orally inform their clients of their conclusions and the conclusions reached by experts or consultants retained in this matter, provided however, that counsel shall not disclose any highly confidential documents on which any such conclusions may be based in whole or in part.

5. Confidential information may be disclosed only by counsel for a party and only to the following persons:

    a. outside counsel for the parties and such counsel's professional, paraprofessional, secretarial, clerical and support personnel;

    b. in-house counsel employed by the parties, including paralegals and secretarial and clerical personnel of such in-house counsel;

    c. officers, directors or employees of the Disclosing Entity;

    d. authors, addressees, recipients or persons who otherwise can be shown to know the confidential information;

    e. testifying consultants and experts retained by counsel to assist in the preparation and trial of this action, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit B;

    f. non-testifying consultants and experts retained to assist in the preparation and trial of this action, provided that (1) counsel for the party that desires to make such disclosure believes in good faith that disclosure of confidential information is necessary or appropriate for such preparation; (2) the confidential information is only used in connection with preparation and trial in this case; and (3) the consultants or experts are given a copy of this Order, advised that they are bound by it, and sign Exhibit B.

    g. witnesses at a deposition or pretrial hearing, provided that (1) counsel for the opposing party desiring to use confidential information identifies the confidential information for the witnesses and counsel for the witnesses at least ten (10) business days before the deposition or hearing so that witnesses who would otherwise be precluded from seeing the confidential information by the

     terms of this Protective Order will have an opportunity to prepare for the deposition or hearing; (2) the confidential information is only used in connection with the preparation and examination of the witnesses; and (3) the witnesses are first provided with a copy of this Order, advised that they are bound by it, and sign Exhibit B.

  h.  the Court and any persons employed by it; and

  i.  court reporters, including stenographers and video technicians; and copy and computer service personnel for purposes of copying, imaging, or indexing documents.

  6.  In addition to those persons or entities listed in paragraph 5, each party may select four (4) employees (the "Selected Employees") to whom confidential information may be disclosed. Each party shall provide to all other parties its list of Selected Employees within twenty (20) days of entry of this Protective Order. No confidential information may be shown to the Selected Employees unless they are first provided with a copy of this Order, advised that they are bound by it, and sign Exhibit B.

**Discovery Material Eligible To Be Designated As "Highly Confidential" And Persons To Whom Such Material May Be Disclosed**

  7.  For purposes of this Order, the term "highly confidential" information shall mean any information or the contents of any document (including copies, transcripts, videos, and computer stored information) which satisfies the criteria of paragraph 3, and (a) which the Disclosing Entity contends is either proprietary or a trade secret, or (b) which reveals health care provider reimbursement rates or the negotiation of such reimbursement rates with health care providers.

  8.  Counsel for the Disclosing Entity must initially designate documents or information as highly confidential prior to actual production of the document or information by placing the notation "HIGHLY CONFIDENTIAL – DISTRIBUTION AND COPYING RESTRICTED" on every page of each document so designated or, in the case of highly confidential information disclosed in non-paper medium (e.g., video tape, audio tape, computer

4

discs, etc.), the notation "HIGHLY CONFIDENTIAL – DISTRIBUTION AND COPYING RESTRICTED" shall be affixed to the outside of the medium or its container.  To the extent a person, to whom highly confidential information is disclosed, copies (as restricted in paragraph 9), summarizes, or paraphrases the highly confidential information, or creates any other document from which the highly confidential information could be derived, the highly confidential information embodied in those copies, summaries or other documents shall remain highly confidential and subject to the provisions of this Order.

9. A party receiving highly confidential information shall make no more than six (6) copies of the highly confidential information for each law firm requesting it (but no more than twelve (12) copies in total), excluding copies for court filings and for exhibits at depositions and hearings.  Application for relief from this restriction against copying may be made to the Court with notice to counsel so designating the information.

10. Highly confidential information may be disclosed only by counsel for a party and only to the following persons:

    a. outside counsel for the parties who have filed an entry of appearance in this matter and who agree not to represent the Delaware Valley Health Care Council of the Hospital and Health System Association of Pennsylvania, area hospitals (other than Chester County Hospital in the above-captioned case) in the contract negotiations by IBC of health care provider reimbursement rates or health care insurers that compete with defendants in any matter involving health care reimbursement rates for a period of eighteen (18) months from the date they last worked on this matter.  This will not preclude such outside counsel from representing health care insurers that compete with defendants in litigation in which such information would be discoverable and otherwise disclosed.  This will not preclude such outside counsel from representing area hospitals or insurers that compete with defendants in connection with any audit, investigation, or prosecution initiated by federal or state government.  It will also not preclude such outside counsel from representing any insurer that competes with defendants in connection with any dispute or litigation between the insurer and any physicians or physician practice group respecting reimbursement rates.

b. for defendants: in-house counsel; and, for plaintiff: Paul Vanore (but only the actual hospital reimbursement rates in contracts negotiated by defendants applicable to calendar year 2000 and no other highly confidential information) Mr. Vanore will not participate in negotiations with any of the defendants (hereafter "IBC") in the above-captioned matter respecting the renewal, continuation, or commencement of any contracts with IBC in 2005 ("the 2005 contracts"). Mr. Vanore's duties with respect to the 2005 contracts will be limited to providing Chester County Hospital with his normal financial projections and analyses of proposals made by IBC. Mr. Vanore will also be required to execute an affidavit in the form of Exhibit B prior to receiving any highly confidential information.

c. officers, directors or employees of the Disclosing Entity;

d. authors, addressees, recipients, or persons who otherwise can be shown to know the highly confidential information;

e. testifying consultants and experts retained by counsel to assist in the preparation and trial of this action, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit B;

f. non-testifying consultants and experts retained to assist in the preparation and trial of this action, provided that (1) counsel for the party that desires to make such disclosure believes in good faith that disclosure of highly confidential information is necessary or appropriate for such preparation; (2) the highly confidential information is only used in connection with preparation and trial in this case; and (3) the consultants or experts are given a copy of this Order, advised that they are bound by it, and sign Exhibit B;

g. witnesses at a deposition or pretrial hearing, provided that (1) counsel for the opposing party desiring to use highly confidential information identifies the highly confidential information for the witnesses and counsel for the witnesses at least ten (10) business days before the deposition or hearing so that witnesses who would otherwise be precluded from seeing the confidential information by the terms of this Protective Order will have an opportunity to prepare for the deposition or hearing; (2) the witnesses are members of the class of persons defined in subparagraphs 10(b), (c), (d) or (e); or (3) counsel believes in good faith that such use is necessary or appropriate; and (4) the highly confidential information is only used in connection with the preparation and examination of the witnesses; and (5) the witnesses are first provided with a copy of this Order, advised they are bound by it, and sign Exhibit B;

    h.    the Court and any persons employed by it; and

    i.    court reporters, including stenographers and video technicians; and copy and computer service personnel for purposes of copying, imaging, or indexing documents.

**Discovery Material Eligible To Be Designated As "Non-Party Highly Confidential" And Persons To Whom Such Material May Be Disclosed**

11.    For purposes of this Order, the term "Non-Party Highly Confidential" information shall mean any information or the contents of any document (including copies, transcripts, videos, and computer stored information), which is disclosed by a non-party to this litigation, which satisfies the criteria of paragraph 3, and which the disclosing entity contends is either proprietary or a trade secret. However, all documents containing Aetna's or Multiplan's confidential and proprietary, trade secret information, as defined in Paragraph 12(g) below, shall be designated "Non-Party Highly Confidential", regardless of the disclosing entity's designation of the same.

12.    The terms of this Order shall apply with equal force to documents marked "Non-Party Highly Confidential" with the following exceptions:

    a.    Pending further Order of this Court, no employee, officer, or director (with the exception of Thomas A. Leonard, Esquire) of any party to this action shall have access to documents marked "Non-Party Highly Confidential."

    b.    Documents marked "Non-Party Highly Confidential" may be disclosed only to the persons in paragraphs 10(a) and 10(c)-(i).

    c.    Non-Parties shall have the same notice and opportunity to object to the disclosure of "Non-Party Highly Confidential" information to (1) deponents and (2) pre-trial hearing and trial witnesses that they currently have with regard to (3) non-testifying consultants and experts.

    d.    Counsel for each party shall maintain a list of all persons to whom any Non-Party confidential or highly confidential information is disclosed and the agreements signed by such persons, and shall provide counsel for a Disclosing Entity upon request with a copy of the list and signed agreements.

    e.    In the event that a party objects to a Non-Party's designation of confidential or highly confidential information or documents, the procedural burden of moving the Court for relief shall be placed on the party-litigant.

    f.    Any outside counsel to whom a Non-Party's confidential or highly confidential information is to be disclosed shall be provided with a copy of the Order (as modified), and be advised, and agree, that they are bound by the Order;

    g.    With regard to Non-Party Insurers, their strategic business plans, reimbursement rates, and hospital contracts, including documents relating thereto such as analyses or extrapolations that directly or indirectly reflect the same, shall be considered "Non-Party Highly Confidential" under the Order.

    h.    Non-Party Insurers shall receive forty-eight hours advance notice regarding any subpoenas issued by either party seeking the Non-Party Insurers' highly confidential information.

    i.    At the conclusion of this litigation, the parties shall either destroy or return to the Non-Parties all documents produced by the Non-Parties, and confirm in writing that as to those documents the Order has been abided.

    j.    Any notices that are to be provided to Aetna, Inc., under the Order shall be sent via facsimile and 1st class mail to: James C. Crumlish III, Elliott Reihner Siedzikowski & Egan P.C., 925 Harvest Drive, Suite 300, Blue Bell, PA 19422; Facsimile Number: (215) 977-1099.

### Filing and Use

13.    No party shall submit to the Court any documents or information designated as confidential or highly confidential except in a separate envelope, sealed and labeled with the caption of this case and the notation "Filed Under Seal," together with a motion for leave to file such document or information under seal, which motion shall clearly set forth the need for filing the same. The filing of such a motion shall not constitute an acknowledgement by the moving party of, or a waiver of its right to challenge, the appropriateness of any confidentiality designation made by any other Disclosing Entity. For purposes of setting and meeting deadlines, documents submitted to the Court for filing in the above fashion shall be deemed filed on the day

they are delivered to the Clerk of Court.

14. Paragraph 13, addressing the filing of confidential and highly confidential information under seal, shall apply to any summary judgment motion.

15. All documents and information designated as "confidential" or "highly confidential" shall be used solely in this case or appeal therefrom, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, and for no other purpose whatsoever.

**Objections to Confidential or Highly Confidential Designations**

16. Any party may contest the designation as confidential or highly confidential of any information or documents by providing written notice to the Disclosing Entity (with a copy thereof to any other party) of the specific designations contested and the specific reasons therefore.  The addressee of such notice may, within ten (10) business days after receipt thereof (or such longer period as may be agreed or the Court may order), file a motion for protective order with respect to some or all such information or documents either in this Court or by a non-party in the district court from which the subpoena issued or within the jurisdiction of which such non-party supplied such information or documents. Unless otherwise agreed in writing between the issuer of the notice and the addressee, failure of the addressee to file such a motion within such time shall be deemed a waiver of the designation.

**Disclosure of Confidential and Highly Confidential
Information to Non-Testifying Experts and Witnesses**

17. A party wishing to disclose confidential or highly confidential information to the persons specified in paragraph 5(f), or paragraph 10(f), shall give notice to counsel for the Disclosing Entity at least ten (10) business days prior to such disclosure of its intent to use confidential or highly confidential information.  Such notice shall include the name of the person to whom disclosure is to be made, the type of information to be disclosed, i.e., confidential or highly confidential information, and sufficient other information to permit the Disclosing Entity to make an informed decision regarding whether to object to such disclosure.  A party objecting to such disclosure shall have the burden of persuading the Court that disclosure should not occur

and, provided the objection is made with five (5) business days of such notice, the confidential or highly confidential information shall not be disclosed to the person in question until the Court rules on the objection.

18.   Witnesses shall not retain or copy confidential or highly confidential information, except (a) non-party witnesses who are shown documents that were marked confidential or highly confidential by the non-party entity they are representing, or (b) witnesses who are the authors, addressees or recipients of confidential or highly confidential information or who otherwise can be shown to know the confidential or highly confidential information.

19.   Each non-testifying expert and consultant shall make no more than three (3) copies of confidential or highly confidential information and shall retain confidential or highly confidential information only until the conclusion of their retention in this matter. The provisions of paragraph 20 (relating to the handling of confidential or highly confidential information at the conclusion of this case) shall apply to non-testifying experts or consultants at the conclusion of their retention in this matter, but shall under no circumstances extend beyond the conclusion of this case.

## Witness/Deposition Practice

20.   The witness, counsel for the witness, and counsel for any party shall have the right to exclude from oral depositions, other than the deponent and the deponent's counsel, any person who is not authorized by this Order to receive documents or information designated as confidential information. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising confidential information.

21.   Not later than sixty (60) days after the receipt of a written transcript of such deposition, the witness, counsel for the witness, or counsel for any of the parties in this action may notify counsel for the parties in writing that the deposition transcript, including exhibits, or any portion thereof is confidential or highly confidential as provided by this Order. Unless otherwise agreed, between the time of the deposition and until the end of the sixty (60) day

period following receipt of the written transcript of the deposition, the entire transcript shall be deemed highly confidential as provided by this Order.

22.  Persons who are shown documents or information designated as confidential or highly confidential at a deposition pursuant to paragraph 5.g. or 10.g. shall be bound to maintain the documents or information in confidence in accordance with the terms of this Order. Witnesses shall not retain or copy portions of the transcripts of their depositions involving confidential or highly confidential information.

### Confidential or Highly Confidential Information In The Possession of Persons That Cease to Be Engaged In This Matter

23.  In the event that any person or party ceases to be engaged in the preparation for trial or trial of this action, such person's or party's access to documents, testimony and information designated as confidential or highly confidential information shall be terminated and they shall immediately return or destroy all confidential or highly confidential information received in this litigation. Said persons may return the confidential or highly confidential information to the attorneys for the party that retained them. Those attorneys shall then return or destroy the confidential or highly confidential information in accordance with this Order. The provisions of this Order shall remain in full force and effect as to any person or party who has obtained access to documents, testimony or other information designated as confidential or highly confidential information hereunder, except as may be specifically ordered by the Court or consented to by the producing party.

### Reservation of Rights

24.  The terms of this Order shall in no way affect the right of a Disclosing Entity (a) to withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or work product; (b) to raise or assert any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance or admissibility at trial, or discoverability of any information of materials; or (c) to reveal or disclose documents or information designated by the Disclosing Entity as confidential

or highly confidential information.

25. The inadvertent disclosure of any document or information shall not operate as a waiver of any discovery privilege or exception, including without limitation the attorney-client privilege or the work product exemption, if the party or person producing the documents or information requests return of the documents or information within thirty (30) days after discovery of the inadvertent disclosure. A party that has received inadvertently disclosed documents or information subject to a privilege shall, immediately upon discovery of the same, return or (with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and shall make no use thereof.

26. The terms of this Order shall in no way affect the right of a Disclosing Entity from continuing to use information or documents designated as confidential or highly confidential as it would in the normal course of its business.

27. The parties' agreement to produce documents or furnish information is conditioned upon the confidential treatment of them as provided herein. Nothing in this Order shall be construed to create rights in any person not a party to this litigation except to the extent such person is a Disclosing Entity hereunder.

### Subpoena By A Third Party

28. In the event that any person having possession, custody or control of any document or information produced in this action and designated as confidential or highly confidential receives a subpoena or other process or order to produce such document or information in another matter or proceeding, such person shall promptly notify the Disclosing Entity, shall furnish such Disclosing Entity with a copy of said subpoena or other process or order, and shall keep confidential such information and documents until the subpoena, process or order shall have become final and incontestable. The Disclosing Entity shall have the burden of defending against such subpoena or other process or order.

**Conclusion of Action**

29.     Within 90 days after the conclusion of this action in its entirety, all parties and persons having received confidential or highly confidential information either shall return such material and all copies thereof to counsel for the party that produced it and shall certify that fact by affidavit, or shall destroy all confidential or highly confidential information in a manner that ensures that such material will not be disclosed to other persons and shall certify the method and manner in which such confidential or highly confidential information was destroyed by affidavit to the producing party.  In the case of confidential or highly confidential information furnished by a party to a testifying or consulting expert, counsel for that party shall have the responsibility of insuring that all such discovery material, including abstracts and summaries thereof, is returned to counsel for the party which produced such materials, or destroyed.  All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.  "Conclusion of this action" means that period of time after all appeal periods have expired or after the execution of a settlement agreement among all the parties finally disposing of this action.  Nothing contained in this Protective Order shall prevent counsel from retaining files of the correspondence, pleadings, memoranda, and transcripts from this proceeding at the conclusion of this matter, provided, however, that this Protective Order shall remain in full force and effect with respect to the handling or use of any confidential or highly confidential information contained in those files.

30.     The Court retains jurisdiction during and after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

ORDERED, this _____ day of _____, 2003:

_____

John R. Padova,  UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Categories of information subject to designation under paragraph 2 of the Protective Order.

1. Non-public pricing or cost information.

2. Non-public premium or rate information.

3. Non-public financial data.

4. Non-public information regarding the financial, marketing or other aspects of any service, product, procedure at issue in this litigation.

5. Business plans.

6. Marketing information and sales information (including plans, studies, strategies, proposals, research, market penetration analyses and goals).

7. Non-public information relating to the guidelines, manuals, operating procedures and systems of any party to this litigation.

8. Non-public competitor information (including assessments and evaluations).

9. Information identifying customers or members, including but not limited to information regarding medical histories of individuals.

10. Information in the possession of a person or party under an express agreement of confidentiality between that person or party and the person from whom the information was obtained.

11. Information required by law to be maintained in confidence (including information maintained in employees' personnel files).

**EXHIBIT B**

**AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that:

    a)    I have received a copy of the Protective Order ("Order") entered in this action by the United States District Court for the Eastern District of Pennsylvania,

    b)    I have either read the Order and/or have had the terms of the Order explained to me by an attorney,

    c)    I understand the terms of the Order and agree to comply with and to be bound by such terms,

    d)    I may receive documents or information designated as confidential or highly confidential and understand that such documents and information are provided to me pursuant to the terms and restrictions of the Order,

    e)    I agree to hold in confidence any documents and information disclosed to me pursuant to the terms of the Order and to only use such documents and information for the purpose of the legal proceeding in which they were produced

    f)    I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for resolution of any matters pertaining to the Order, and

    g)    I understand that, in the event I fail to abide by the terms of the Order, I may be subject to sanctions, including sanctions by way of contempt imposed by the Court.

My address is:

My present employer is:

Signature: _____

  Date: