IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CHESTER COUNTY HOSPITAL<br><br>v.<br><br>INDEPENDENCE BLUE CROSS,<br>QCC INSURANCE COMPANY,<br>KEYSTONE HEALTH PLAN EAST, and<br>KEYSTONE MERCY HEALTH PLAN | NO. 02-CV-2746 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL PHOENIXVILLE HOSPITAL TO
<u>PRODUCE DOCUMENTS</u>**

Defendants, Independence Blue Cross, QCC Insurance Company, Keystone Health Plan East and Keystone Mercy Health Plan (collectively "IBC"), respectfully submit this reply memorandum in support of IBC's motion to compel Phoenixville Hospital ("Phoenixville") to produce documents.

### I. PHOENIXVILLE CONTINUES TO WITHHOLD DOCUMENTS FROM IBC

Although Phoenixville has suggested that IBC's Motion to Compel is moot, this is simply untrue. Phoenixville represented that it would produce all documents responsive to IBC's subpoena by October 17, 2003. <u>See</u> Exhibit "K" attached to *Response of Phoenixville Hospital to Defedants' Motion to Compel*. Phoenixville has not kept that promise. The deficiencies that remain after Phoenixville's assorted piecemeal productions prove IBC's assertion that an Order to compel production remains the only way to ensure Phoenixville's compliance with IBC's subpoena.

Phoenixville told this Court that, after "the penultimate document production," a "small number of remaining documents" would be produced on October 17, 2003, thus completing the

491182

hospital's production.  See *Response of Phoenixville Hospital to Defendants' Motion to Compel*, at 1.  Following its "penultimate document production," Phoenixville belatedly produced three more installments of documents.  The first two installments were produced on Monday, October 20, 2003—one set in the morning and one in the evening.  Phoenixville's (presumably) final installment came on October 23, 2003.

As of this writing, Phoenixville's production is deficient as follows:

**(1.)   Strategic business plans—generally and by service line—and any plans to expand or cut services from 1998 to 2002.**

Phoenixville produced various strategic planning documents for individual service lines—mostly from 2000 to 2002.  However, IBC still requires the strategic plans by service line for 1998 to 2000.  Likewise, Phoenixville produced its Hospital Strategic Plans for periods starting in 2002 and 2003 (UPHS 03538 — 03678; UPHS 12034 — 12045), but has not produced the plans for periods starting in 1998 through 2001.

**(2.)   All Phoenixville cost containment reports, in electronic format, from 1998 to the present, including submissions to the Pennsylvania Healthcare Cost Containment Council (PHC4).**

Phoenixville has not produced this information.  IBC requires that Phoenixville produce all cost containment reports submitted to the Pennsylvania Healthcare Cost Containment Council (PHC4).  To the extent that Phoenixville has produced some files, in electronic format, containing monthly submissions to the Delaware Valley Healthcare Council for 2001 and 2002, IBC also requires that Phoenixville produce these same types of files, in electronic format, for 1998 through 2000.

**(3.)   Phoenixville's summary and executive level budgets and financial statements, including by department and service line, for each year from 1998 to present.**

Phoenixville has produced sections of some financial statements from 2000 to 2002 (UPHS 09221 — 09268).  However, Phoenixville has not produced statements for 1998 and 1999.  Further, given Phoenixville's prior broad objections, it remains unclear whether the financial statements are complete in any respect, even for the years provided.  Notably, Phoenixville has failed to produce *any* of the demanded budgets.

**(4.)   Phoenixville's summary and executive level analysis of profitability by healthcare insurance payor.**

Phoenixville has produced a significant amount of material pertaining to its internal analysis of its profitability regarding IBC, and to a lesser extent Aetna.  However, Phoenixville has failed to produce this type of analysis for any other healthcare insurance payor.

**(5.)   Phoenixville's utilization rates, including by line of service, for each year from 1998 to the present.**

Phoenixville has produced files, in electronic format, containing monthly submissions to the Delaware Valley Healthcare Council for 2001 and 2002 that include utilization rates.  Phoenixville has failed to produce these same types of files for 1998 through 2000.

**(6.)   Phoenixville's patient counts including: inpatient admissions, outpatient admissions or visits, births, and patient days, for each year from 1998 to present.**

Phoenixville has not produced this information in a coherent and compete manner for the entire time period.  Phoenixville produced this data for 2002 in a Microsoft Access file labeled "IBCFY2002.mdb."  IBC requires Phoenixville to produce, in similar electronic format, its files

for 1998 through 2001.  Phoenixville has also produced *no information* related to outpatient visits for any years.

**(7.)    Phoenixville's average length of stay for each year from 1998 to the present for the following lines of service:  cardiovascular surgery, obstetrics, emergency services, and oncology.**

Phoenixville has produced files, in electronic format, containing monthly submissions to the Delaware Valley Healthcare Council for 2001 and 2002 that include some average length of stay data.  However, these files do not contain average length of stay for cardiovascular surgery, emergency services, and oncology.  IBC requires Phoenixville produce these same types of files for 1998 through 2000 and other files sufficient to show average length of stay for cardiovascular surgery, emergency services, and oncology for 1998 through 2002.

**(8.)    Phoenixville's total costs of providing services by DRG code, for each year from 1998 to the present.**

Phoenixville has not produced this information in a coherent and compete manner.  Instead, it has produced disjointed, incomplete and—without more—useless shards of information.

**II.    THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENTS IBC SEEKS, AND PUNISH PHOENIXVILLE FOR ITS RECALCITRANCE**

Phoenixville's failure to produce the documents in question is inexcusable.  Phoenixville has stated that it no longer objects to IBC's document requests andthat it was about to produce fully responsive documents to IBC.  Yet, Phoenixville repeatedly has failed to produce the promised documents.  IBC submits that it is now indisputably clear that, despite its multiple promises, Phoenixville will not fully comply with IBC's subpoena without an Order from this Court.  The Court should not only compel Phoenixville to produce the documents IBC seeks, it

should also order Phoenixville to reimburse to IBC the costs and fees incurred in prosecuting the instant Motion.

### III. CONCLUSION

For the foregoing reasons, IBC respectfully requests that the Court grant this Motion and compel Phoenixville to produce the documents demanded by IBC's subpoena within ten (10) days of the date of this Order, certify that its production is complete, and pay to IBC reasonable attorneys' fees and costs incurred in the preparing, filing, and presenting of this Motion.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

BY: _____
THOMAS A. LEONARD
PAUL S. DIAMOND
WILLIAM J. LEONARD
WILLIAM K. PELOSI
H. DAVID SEIDMAN
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103
(215) 665-3000

HOWREY SIMON ARNOLD & WHITE LLP

JOHN DeQ BRIGGS
JAMES G. KRESS
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 383-7015

Attorneys for Defendants,
Independence Blue Cross,
Keystone Health Plan East,
QCC Insurance Company, and
Keystone Mercy Health Plan

Dated: October 28, 2003

491182                                                5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CHESTER COUNTY HOSPITAL<br><br>v.<br><br>INDEPENDENCE BLUE CROSS,<br>QCC INSURANCE COMPANY,<br>KEYSTONE HEALTH PLAN EAST, and<br>KEYSTONE MERCY HEALTH PLAN | CA No.  2:02CV2746 |

### CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Defendants' Reply Memorandum in Support of Their Motion To Compel Phoenixville Hospital To Produce Documents was served, this 28th day of October 2003 as follows:

**VIA HAND DELIVERY**

John M. Myers, Esquire
Montgomery McCracken Walker & Rhoads
123 S Broad St
Philadelphia, Pa 19109
*Counsel for Phoenixville Hospital*

**VIA HAND DELIVERY**

Lewis R. Olshin, Esq.
Duane Morris, LLP
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
*Counsel for Plaintiff,*
*Chester County Hospital*

**VIA FACSIMILE & FEDERAL EXPRESS**

Richard A. Feinstein, Esquire
Daniel A Kotchen, Esq.
Boies, Schiller & Flexner, LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Facsimile No. (202) 237-6131
*Counsel for Plaintiff,*
*Chester County Hospital*

_____
PAUL S. DIAMOND

491182