IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE CHESTER COUNTY HOSPITAL** : | | **CIVIL ACTION** |
| : | | |
| **Plaintiff,** : | | |
| : | | |
| v. : | | |
| : | | |
| **INDEPENDENCE BLUE CROSS,** : | | **NO. 02-CV-2746** |
| **QCC INSURANCE COMPANY,** : | | |
| **KEYSTONE HEALTH PLAN EAST, and** : | | |
| **KEYSTONE MERCY HEALTH PLAN** : | | |
| : | | |
| **Defendants.** : | | |

**RIDDLE MEMORIAL HOSPITAL'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Riddle Memorial Hospital, (hereinafter "Riddle") by and through its attorneys, Rawle & Henderson LLP, hereby files this Response in opposition to Defendants' Motion to Compel Riddle to Produce Documents. Riddle submits that Defendants' subpoena requests are overbroad, burdensome, unnecessarily costly and purport to require Riddle to produce confidential business information and/or records. Accordingly, Riddle moves the Court for an Order in the form submitted denying Defendants' Motion.

I. **THE DOCUMENTS SUBPOENA SERVED BY IBC IS OVERBROAD AND PURPORTS TO REQUIRE RIDDLE TO PRODUCE CONFIDENTIAL BUSINESS INFORMATION.**

In the instant action, Defendants, Independence Blue Cross, QCC Insurance Company, Keystone Health Plan East and Keystone Mercy Health Plan (hereinafter collectively "IBC") have served a subpoena *duces tecum* upon Riddle, a non-party, commanding it to produce, *inter alia*, confidential business information and/or records. (Subpoena attached hereto as Exhibit "A"). On July 7, 2003, Riddle timely objected to

IBC's subpoena requests in accordance with Fed.R.Civ.P. 45(c)(2)(B) on the grounds that the requests were overbroad, burdensome, unnecessarily costly and purported to require Riddle to produce confidential business information. (Correspondence dated July 7, 2003, attached hereto as Exhibit "B"). At that time, Riddle offered to meet with IBC to amicably resolve Riddle's objections while providing IBC with the information necessary to its case without overburdening Riddle's resources and/or intruding into its confidential matters. (Exhibit "B"). Despite IBC's opinion to the contrary, Riddle has several valid basis for objecting to IBC's subpoena requests, not the least of which is its own confidentiality concerns which have never been addressed.

IBC argues that "extensive litigation" has occurred to resolve non-party confidentiality issues. Indeed, Riddle was not present and had no prior notice of any court hearings concerning non-party confidentiality issues. (Correspondence dated September 2, 2003, attached hereto as Exhibit "C"). However, Riddle has been notified by counsel for insurers, including Aetna and Cigna, cautioning Riddle against production of its/their contract materials. (Correspondence dated August 20, 2003, attached hereto as Exhibit "D"). If in fact any confidentiality-based objections of non-party insurers to IBC's document subpoena have been resolved by the Court then IBC should have no problem obtaining waivers from those non-party insurers (i.e. Aetna and Cigna) so that Riddle may produce the requested contract documents without fear of litigation. Alternatively, IBC could enter into an indemnification agreement which would protect Riddle in the event it is sued by one of its contracting partners as a result of the requested disclosure.

Contrary to IBC's implication, Riddle is willing to produce some of the requested

documents to the extent that they exist as long as IBC, a multi-billion dollar corporation, agrees to pay Riddle's costs to identify, prepare and produce the information. Moreover, Riddle has offered on several occasions to meet with IBC in order to discuss and resolve IBC's document requests. (Exhibits B, C). Notably, plaintiff also served a subpoena *duces tecum* on Riddle requesting document production. In response to plaintiff's subpoena, Riddle also lodged several objections. Unlike IBC, however, plaintiff amicably worked with Riddle to resolve the objections and Riddle produced several thousand pages of materials in compliance with plaintiff's subpoena.

Generally, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978); Fed.R.Civ.P. 26. A party seeking discovery, however, must demonstrate a real and practical need for the information. Consolidated Rail Corp. v. United States, 812 F.2d 1444, 1463 (3d Cir. 1987). Standards for non-party discovery require a stronger showing of relevance than for party discovery. Zukoski v. Phila. Elec. Co., 1994 U.S. Dist. LEXIS 16187 (E.D. Pa. 1994).

Further, pursuant to the Fed.R.Civ.P. 45, privilege and/or undue burden are appropriate objections to a subpoena issued to a non-party. The party requesting the protective order has the burden of demonstrating good cause. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). "Good cause" is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. Id. In determining whether "good cause" exists, courts apply a balancing of interest standard. McCurdy v. Wedgewood Capital Management Co., Inc., 1998 U.S. Dist.

LEXIS 18875 (E.D. Pa. 1998).

Riddle submits that the following subpoena requests are particularly burdensome, broad and intrusive and would cause non-party Riddle to suffer significant harm:

Subpoena Request No. 9

> Documents that discuss, narratively or through numeric data, the reimbursement rates set forth in, and the profitability of, each of Riddle's Health Care Insurer Agreements, (including but not limited to contracts, summaries and competitive analysis), but not routine administrative billing records.

Subpoena Request No. 5

> All cost and profitability analysis, by DRG and/or service line for inpatient and outpatient services.

Request No. 9 specifically requires Riddle to disclose sensitive contract materials with its contracting insurers in violation of confidentiality provisions contained within the contracts. Riddle has already been cautioned by several insurers not to disclose such contractual materials. Accordingly, Riddle risks potential litigation if it discloses its Health Care Insurer Agreements in compliance with IBC's subpoena. Another significant concern is that disclosure of Riddle's profitability and reimbursement rates will severely compromise Riddle's ability to negotiate fair and competitive contracts with IBC in the future. Riddle is in its last year of its contract with IBC and anticipates the negotiation of a new contract. Riddle relies on its ability to conduct business with IBC without fear that IBC can use Riddle's own confidential information against it in upcoming contract negotiations. Accordingly, Riddle should not be required to disclose such sensitive financial information as any disclosure will leave Riddle at a serious

economic disadvantage and jeopardize a substantial source of its income.

To date, Riddle has already been required to incur significant expense in the way of employee hours, document reproduction and legal fees in this case. Fed.R.Civ.P. 45(c)(2)(B) imposes mandatory fee shifting and directs the court to "protect" a nonparty from "significant expense resulting from inspection and copying commanded." Thus, a court must determine whether the subpoena imposes expenses on a non-party and whether those expenses are significant. Significant expenses must be borne by the party seeking discovery. James Wm. Moore, 9 Moore's Federal Practice § 45.04[2] (3d ed. 2001). Here, Riddle submits that it has more than complied with its obligation to respond as a non-party in the instant action. Accordingly, if Riddle is required to produce additional documents in compliance with IBC's subpoena, IBC should be required to bear the expense of not only the reproduction of such documents, but Riddle's employee costs involved in searching for and identifying the requested documents.

Ultimately, defendants are wasting the Court's time and resources by pursuing the instant Motion to Compel. As stated herein, IBC was offered several opportunities to amicably resolve Riddle's objections to IBC's document requests. However, there has been no good faith attempt by IBC to resolve these issues prior to the filing of the instant Motion. Notably, Local Rule of Civil Procedure 26.1(f) requires counsel to certify that "reasonable effort" has been made to resolve a discovery dispute. Such certification, however, is absent from the instant papers. Instead, IBC has the audacity to seek attorneys' fees and costs incurred in the preparing, filing and presentation of its Motion despite the fact that IBC has ignored several opportunities to amicably resolve Riddle's objections to IBC's subpoena requests. Accordingly, this Court should deny IBC's

Motion to Compel in its entirety.

In the alternative, to the extent that Riddle is required to produce documents in compliance with IBC's subpoena, Riddle should not be required to produce its confidential business records and/or information in response to requests Nos. 5 and 9. Moreover, pursuant to Fed.R.Civ.P. 45 (c)(2)(B), IBC should be required to reimburse Riddle for all costs associated with Riddle's production, including but not limited to copying, employee hours and attorneys' fees.

## II. RIDDLE WILL PROVIDE A WITNESS FOR DEPOSITION FOR BOTH PARTIES.

Contrary to IBC's view, Riddle and plaintiff have not purposely scheduled Riddle's Rule 30(b)(6) deposition on short notice without consulting IBC. Riddle's representative was originally scheduled in good faith for deposition for August 6, 2003. (Correspondence dated July 3, 2003, is attached hereto as Exhibit "E"). This deposition was later rescheduled until October 22, 2003, but was subsequently postponed. Riddle has **always maintained** that it will provide a witness for deposition to **both** parties. IBC's accusation that Riddle is participating in gamesmanship in order to frustrate IBC's discovery is discourteous and a misrepresentation to the Court.

### III. CONCLUSION

As a non-party in the instant litigation, Riddle maintains that it has done everything required under the Federal Rules of Civil Procedure in response to defendants' subpoena. Defendants' subpoena requests are overbroad, burdensome, unnecessarily costly and purport to require Riddle to produce confidential business information and/or records. Accordingly, for the foregoing reasons, Riddle moves the Court for an Order in the form submitted denying Defendants' Motion.

In the alternative, to the extent that Riddle is required to produce documents in compliance with IBC's subpoena, Riddle should not be required to produce its confidential business records and/or information in response to requests Nos. 5 and 9. Moreover, pursuant to Fed.R.Civ.P. 45 (c)(2)(B), IBC should be required to reimburse Riddle for all costs associated with Riddle's production, including but not limited to copying, employee hours and attorneys' fees.

Respectfully submitted,

**RAWLE & HENDERSON** LLP

By:_____
Joseph L. Turchi
Christine D. Steere
Attorneys for
Riddle Memorial Hospital
I.D. No. 65294/84046
The Widener Building
One South Penn Square
Philadelphia, PA  19107
(215) 575-4200

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE CHESTER COUNTY HOSPITAL** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **INDEPENDENCE BLUE CROSS,** | : | NO. 02-CV-2746 |
| **QCC INSURANCE COMPANY,** | : | |
| **KEYSTONE HEALTH PLAN EAST, and** | : | |
| **KEYSTONE MERCY HEALTH PLAN** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW this _____ day of _____, 2003, upon consideration of Defendants, Independence Blue Cross, QCC Insurance Company, Keystone Health Plan East and Keystone Mercy Health Plans' Motion to Compel Riddle Memorial Hospital to Produce Documents, and Riddle Memorial Hospital's response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.

BY THE COURT:

_____
J.

893146 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE CHESTER COUNTY HOSPITAL** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | |
| **INDEPENDENCE BLUE CROSS,** | : | **NO. 02-CV-2746** |
| **QCC INSURANCE COMPANY,** | : | |
| **KEYSTONE HEALTH PLAN EAST, and** | : | |
| **KEYSTONE MERCY HEALTH PLAN** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW this _____ day of _____, 2003, upon consideration of Defendants, Independence Blue Cross, QCC Insurance Company, Keystone Health Plan East and Keystone Mercy Health Plans' Motion to Compel Riddle Memorial Hospital to Produce Documents, and Riddle Memorial Hospital's response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED IN PART and GRANTED IN PART**.

Riddle Memorial Hospital shall produce, to the extent that they exist, documents responsive to subpoena requests Nos. 2, 3, 4, 6, 7, 8, 10, 11. Riddle Memorial Hospital shall not be required to produce documents in response to requests Nos. 5 and 9. It is further Ordered that Defendants shall be required to reimburse Memorial Hospital all costs associated with Memorial Hospital's production, including but not limited to copying, employee hours and attorneys' fees.

BY THE COURT:

_____
J.

893146 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHESTER COUNTY HOSPITAL | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| INDEPENDENCE BLUE CROSS, QCC INSURANCE COMPANY, KEYSTONE HEALTH PLAN EAST, and KEYSTONE MERCY HEALTH PLAN | : | NO. 02-CV-2746 |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Riddle Memorial Hospital's Response in Opposition to Defendants' Motion to Compel Document Production was served upon the below listed counsel this 6th day of November, 2003, via hand delivery:

Lewis R. Olshin, Esquire
Seth A. Goldberg, Esquire
Duane Morris
One Liberty Place, Suite 4200
Philadelphia, PA  19103-7396
*Attorneys for Plaintiffs*

Thomas A. Leonard, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
One  Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1895
*Attorneys for Defendants*

**RAWLE & HENDERSON LLP**

_____
Joseph L. Turchi
Christine D. Steere

893146 v.1