IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE CHESTER COUNTY HOSPITAL

v.

INDEPENDENCE BLUE CROSS,
QCC INSURANCE COMPANY,
KEYSTONE HEALTH PLAN EAST, and
KEYSTONE MERCY HEALTH PLAN

NO. 02-CV-2746

## RULE TO SHOW CAUSE

AND NOW, this_____ day of _____, 2004, upon consideration of the Motion of Defendants, Independence Blue Cross, QCC Insurance Company, Keystone Health Plan East, and Keystone Mercy Health Plan's (collectively "IBC"), for an Order of Contempt and Sanctions against Aetna, Inc., it is hereby ORDERED that Aetna appear before Magistrate Judge Smith in Courtroom _____ in the United States Courthouse in Philadelphia on _____, 2004, at ___ __. m. to show why it should not be held in contempt and sanctioned for failing to comply with this Court's Order dated December 22, 2004.

**BY THE COURT:**

_____

**Charles B. Smith, U.S.M.J**

507130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE CHESTER COUNTY HOSPITAL

v.

INDEPENDENCE BLUE CROSS,
QCC INSURANCE COMPANY,
KEYSTONE HEALTH PLAN EAST, and
KEYSTONE MERCY HEALTH PLAN

NO. 02-CV-2746

**ORDER**

**AND NOW**, this _____ day of _____, 2004, upon

consideration of the Motion of Defendants, Independence Blue Cross, QCC Insurance Company,

Keystone Health Plan East, and Keystone Mercy Health Plan's (collectively "IBC"), for an Order

of Contempt and Sanctions against Aetna, Inc. ("Aetna"), and having considered the responses

and defenses of Aetna, Inc. and the facts certified by Magistrate Judge Charles B. Smith, the

Court finds Aetna, Inc. in civil contempt of Magistrate Judge Smith's Order of December 22,

2003 and enters the following **ORDER**:

1. Aetna, Inc. shall pay a fine of $15,000, unless it shall, within 5 days from the

   date of this Order, produce all documents that Magistrate Judge Smith ordered

   produced in the Order dated December 22, 2003.  For each day thereafter that

   Aetna, Inc. fails to comply with the Order of December 22, 2003, Aetna shall

   be fined an additional $5,000 per day.

2. Aetna shall pay IBC's reasonable attorneys' fees and expenses incurred in the

   preparation, filing, and litigation of the motion for an order of contempt, as the

507130

Court may determine.  IBC is directed to file of a bill of costs within 10 days

from the date of this order.

BY THE COURT:

_____
Padova, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE CHESTER COUNTY HOSPITAL

v.

INDEPENDENCE BLUE CROSS,
QCC INSURANCE COMPANY,
KEYSTONE HEALTH PLAN EAST, and
KEYSTONE MERCY HEALTH PLAN

NO. 02-CV-2746

## IBC'S MOTION FOR AN ORDER OF CONTEMPT AND SANCTIONS AGAINST AETNA, INC.

Defendants, Independence Blue Cross, QCC Insurance Company, Keystone Health Plan East, and Keystone Mercy Health Plan's (collectively "IBC"), hereby move this Court, pursuant to 28 U.S.C.A. §636(e)(6)(B)(iii) and Federal Rule of Civil Procedure 37(b)(2), for an Order of Contempt and Sanctions against Aetna, Inc. ("Aetna").  Not only has Aetna failed to comply with this Court's December 22, 2003 Order directing the production of documents by January 12, 2003, but Aetna has also stated to IBC that it has no intention of complying with the Order.  In support of this motion, IBC avers as follows:

1.    On July 25, 2003, IBC issued a subpoena out of the District of Connecticut to non-party Aetna.  The subpoena was served on Aetna in Connecticut on July 25, 2003.  A copy of IBC's subpoena is attached hereto as Exhibit A.

2.    Upon being served with IBC's subpoena, Aetna filed a motion in the Eastern District of Pennsylvania for leave to intervene in this action and for an order modifying the Court's Protective Order dated May 30, 2003 (Dkt. Entry 56).

507130

3.      Magistrate Judge Smith allowed Aetna to intervene by Order dated July 7, 2003 (Dkt. Entry 88) and partially granted Aetna's proposed changes to the Protective Order.  Aetna filed objections to the Order of July 7, 2003.

4.      On August 7, 2003, District Judge John R. Padova heard oral argument on Aetna's objections to the Order of July 7, 2003.  (Dkt Entry 114).  On August 14, 2003, Judge Padova entered an Amended Protective Order.  (Dkt. Entry 116).

5.      After the entry of the Amended Protective Order, IBC agreed to still further changes requested by Aetna and submitted a revised Amended Protective Order to the Court. The Court entered the revised Amended Protective Order on August 19, 2003.  (Dkt. Entry 121). The Amended Protective Order prohibited the disclosure of Aetna's confidential material to any IBC employees.

6.      Following the entry of the Amended Protective Order, Aetna continued to object to the scope of IBC's subpoena.

7.      IBC substantially reduced the scope of its subpoena in response to Aetna's objections.  Still, Aetna refused to produce documents.

8.      On December 3, 2003, IBC filed a motion to compel Aetna to produce documents (Dkt. Entries 173 & 174).  IBC's motion sought to compel the following documents:

> Documents constituting or reflecting Aetna's strategic business plans that relate to the Southeastern and Central Pennsylvania Counties, including but not limited to marketing plans, business plans, and market assessments.

> Documents sufficient to demonstrate Aetna's reimbursement rates for hospital services in the Southeastern and Central Pennsylvania Counties.

9.      Aetna answered IBC's motion to compel on December 16, 2003 (Dkt. Entry 178).

10.     IBC and Aetna argued the motion before Magistrate Judge Smith on December 16, 2003.  A transcript of the oral argument is attached hereto as Exhibit B.

11.     During the oral argument, Magistrate Judge Smith directed IBC to address Aetna's procedural/jurisdictional objections to the subpoena by issuing a substitute subpoena out of the Eastern District of Pennsylvania.  See Exhibit B, page 39-41.  Magistrate Judge Smith further directed IBC to file a reply brief addressing Aetna's substantive arguments.  See Exhibit B, page 41.

12.     As directed, IBC issued a substitute subpoena out of the Eastern District of Pennsylvania on December 17, 2003.  A copy thereof is attached as Exhibit C.

13.     IBC filed its reply brief on December 22, 2003.  A copy thereof is attached as Exhibit D (without exhibits).

14.     On December 22, 2003, Magistrate Judge Smith entered an Order (Dkt. Entry 183) directing Aetna to produce the following documents by January 12, 2003:

(1)     Contracts with hospitals in the five-county Southeastern Pennsylvania region reflecting Aetna's reimbursement rates to those hospitals;

(2)     Summary level documents sufficient to demonstrate Aetna's hospital reimbursement rates in the Central Pennsylvania region (Adams, Berks, Centre, Columbia, Cumberland, Dauphin, Franklin, Fulton, Juniata, Lancaster, Lebanon, Lehigh, Mifflin, contour, Northampton, Northumberland, Perry, Schuylkill, Snyder, Union, and York counties) broken down by hospital type (community, teaching, or regional) and hospital size (by licensed bed counts), without prejudice to IBC's right to later seek the complete hospital contracts in this region; and

(3)     Documents reflecting Aetna's strategic planning for the healthcare insurance markets in the Southeastern Pennsylvania counties.

A copy of the Order of December 22, 2003 attached as Exhibit E.

15.     A copy of the Order of December 22, 2003 was faxed to counsel for Aetna on December 22, 2003.  See Exhibit E.

16.     By letter dated December 29, 2003, Aetna objected to the substitute subpoena that Magistrate Judge Smith had directed IBC to issue.  A true and correct copy of Aetna's letter is attached hereto as Exhibit F.

17.     In its letter of December 29, 2003, Aetna raised the same objections that it had previously raised in its answer to IBC's motion to compel, which objections were resolved against Aetna in the Order of December 22, 2003.

18.     On Wednesday, January 7, 2004, Aetna filed objections to the Order of December 22, 2003.  A copy of Aetna's objections is attached hereto as Exhibit G (without exhibits).

19.     Aetna did not at any time seek a stay of the Order of December 22, 2003.

20.     Notwithstanding the Order of December 22, 2003, Aetna stated in its letter of December 29, 2003 that it would not comply with the substitute subpoena.

21.     The deadline for production of documents established by the Order of December 22, 2003 has elapsed.  Aetna has not produced any of the documents ordered to be produced.

WHEREFORE, IBC respectfully requests the issuance of a rule directing Aetna, Inc. to show cause why it should not be held in contempt of court and sanctioned for failing to comply with the Court's Order of December 22, 2003.  Following the hearing on the rule to show cause, IBC requests that the Magistrate Judge certify the facts in paragraphs 1 through 21 of this motion to District Judge John R. Padova for a determination of contempt.  IBC further requests the imposition of a coercive fine in the initial amount of $15,000 if Aetna does not comply with the

Order of December 22, 2003 within five (5) days after a determination of contempt, with additional coercive fines of $5,000 per day thereafter.

Respectfully submitted,

_____
THOMAS A. LEONARD
WILLIAM J. LEONARD
RICHARD P. LIMBURG
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 665-3000

HOWREY SIMON ARNOLD & WHITE LLP

JOHN DeQ BRIGGS
JAMES G. KRESS
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 383-7015

Attorneys for Defendants,
Independence Blue Cross,
Keystone Health Plan East,
QCC Insurance Company, and
Keystone Mercy Health Plan

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CHESTER COUNTY HOSPITAL<br><br>v.<br><br>INDEPENDENCE BLUE CROSS,<br>QCC INSURANCE COMPANY,<br>KEYSTONE HEALTH PLAN EAST, and<br>KEYSTONE MERCY HEALTH PLAN | NO. 02-CV-2746 |

## IBC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER OF CONTEMPT AGAINST AETNA

Defendants Independence Blue Cross, QCC Insurance Company, Keystone Health Plan East, and Keystone Mercy Health Plan's (collectively "IBC"), submit this Memorandum of Law in support of their attached Motion for Contempt and Sanctions against Aetna, Inc. ("Aetna").

## I.   INTRODUCTION

Aetna has refused and failed to comply with an Order of this Court directing it to produce documents on or before January 12, 2003. The Order directed Aetna to produce a small fraction of the documents that IBC originally subpoenaed nearly six months ago, subject to a Protective Order that was expressly modified at Aetna's request to protect Aetna's documents from being used to its competitive disadvantage. At the argument on IBC's motion to compel, Magistrate Judge Smith directed IBC to issue a substitute subpoena out of the Eastern District of Pennsylvania for the purpose of curing the alleged jurisdictional/procedural defects that Aetna raised in connection with IBC's original subpoena, which IBC had issued and served on Aetna in the District of Connecticut. Aetna responded to the December 22, 2003 Order and the substitute subpoena by unequivocally refusing to produce any documents. In a letter dated December 29,

507130

2003, counsel for Aetna stated that "Aetna will <u>not</u> be producing documents as outlined by [IBC's] subpoena." See Exhibit F to the Motion. Indeed, Aetna has not produced a single document in this case to date, even though it received subpoenas from Chester County Hospital as well as from IBC, and even though it was under a court order to produce documents.

## II.  FACTUAL BACKGROUND

On July 25, 2003, IBC issued and served in the District of Connecticut a subpoena seeking sensitive information concerning Aetna's business plans and reimbursement rates in Southeastern and Central Pennsylvania. Aetna filed a motion in the Eastern District of Pennsylvania for leave to intervene and to modify the existing Protective Order in a manner that would preserve Aetna's proprietary information. After the Court indicated at oral argument that it would grant Aetna's motion, IBC and Aetna negotiated further revisions to the Protective Order and IBC submitted those revisions to the Court even thought the Court had already entered an Amended Protective Order on August 14, 2003. The Amended Protective Order that the Court entered on August 19, 2003 prohibited <u>any</u> IBC employees from seeing Aetna confidential material. With Aetna's interests thus secured, IBC renewed its request that Aetna produce documents. Aetna refused. IBC then conferred with Aetna and substantially reduced the scope of its subpoena. Aetna continued to refuse to produce any documents.

On December 3, 2003, IBC moved the Court for an order compelling Aetna to produce documents (Dkt. Entries 173 & 174). Aetna opposed the motion. The Court heard oral argument and resolved the matter favorably to Aetna in the following respects: (a) it ordered IBC to issue a new subpoena to cure Aetna's procedural complaints; and (b) it ordered production of a smaller set of documents than IBC was seeking. The Court's Order compelling Aetna to produce documents was limited as follows:

(1)    Contracts with hospitals in the five-county Southeastern Pennsylvania region reflecting Aetna's reimbursement rates to those hospitals;

(2)    Summary level documents sufficient to demonstrate Aetna's hospital reimbursement rates in the Central Pennsylvania region (Adams, Berks, Centre, Columbia, Cumberland, Dauphin, Franklin, Fulton, Juniata, Lancaster, Lebanon, Lehigh, Mifflin, contour, Northampton, Northumberland, Perry, Schuylkill, Snyder, Union, and York counties) broken down by hospital type (community, teaching, or regional) and hospital size (by licensed bed counts), without prejudice to IBC's right to later seek the complete hospital contracts in this region; and

(3)    Documents reflecting Aetna's strategic planning for the healthcare insurance markets in the Southeastern Pennsylvania counties.

The Court's Order of December 22, 2003 directed Aetna to produce documents on or before January 12, 2004.  The Clerk of District Court faxed a copy of the Order to counsel for Aetna on December 22, 2004.  Notwithstanding the terms of the Order, Aetna wrote to IBC on December 29, 2003 objecting to the new subpoena IBC had issued at the Court's direction (solely because Aetna asked for it) and asserting all the same arguments that the Court had already adjudicated in its December 22nd Order.

On Wednesday, January 7, 2004, Aetna filed objections to the December 22, 2003 Order.  However, Aetna did not at any time petition for a stay of the Order.

### III.  ARGUMENT

Persons who knowingly disobey discovery orders are subject to the contempt powers of the Court.  Fed.R.Civ.P. 37(b)(2)(D); United States v. Bell, 2003 U.S.Dist. Lexis 21436 (M.D.Pa. September 3, 2003) (Conner, J.); Edgar v. Hahneman University Hospital, 199 U.S.Dist. Lexis 11704 (E.D.Pa. August 14, 1995) (Broderick, J.).

To prove that Aetna is liable for civil contempt, IBC must prove by clear and convincing evidence (1) that a valid order of the court existed; (2) that Aetna was aware of the order; and (3) that Aetna disobeyed the order. Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995).

A magistrate judge who is appointed by a district judge pursuant to 28 U.S.C. §636(b)(1)(A) to adjudicate discovery disputes is empowered to certify the facts constituting a civil contempt to the district judge and to require a person to appear and show cause why he should not be adjudicated in contempt by reason of the facts so stated. 28 U.S.C. § 636(e)(6)(B)(iii). "The proper procedure for a party moving for contempt of a magistrate judge's Order is to file the motion with the magistrate judge; the magistrate judge then acts as fact-finder and 'certifies the facts' to the district judge for determination whether the facts establish a contempt of court." Holt Cargo Sys. v. Delaware River Port Auth., 1998 U.S. Dist. LEXIS 4044, 11-12 (E.D.Pa. March 27, 1998) (Shapiro, J.).

Here, it is a matter of record that the Court sent Aetna's counsel a copy of the Order of December 22, 2003. Thus, Aetna was aware of the Order. Likewise, it is a matter of record that Aetna did not at any time seek a stay of the Order of December 22, 2003. Thus, the Order is still in effect. Finally, there is no dispute that Aetna has not complied with the Order of December 22, 2003. Thus, Aetna has knowingly disobeyed a discovery order and is in contempt of court.

The fact that Aetna filed objections to the Order of December 22, 2003 on January 7, 2003 does not excuse it from complying with the Order. The filing of objections does not automatically stay a magistrate judge's discovery order. See Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 656-657 (D.Colo. 2001). Were the law otherwise, parties could use the objection process simply as a device further to delay discovery. Id. "[A]llowing the automatic stay of magistrate's orders would not only encourage the filing of frivolous appeals, but would

grind the magistrate system to a halt." <u>Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.</u>, 124 F.R.D. 75, 79 (S.D.N.Y. 1989). <u>Accord</u>, <u>Filler v. Lernout et al.</u>, 2003 U.S.Dist. Lexis 22409 (D.Mass. December 15, 2003); <u>Althouse v. Hill</u>, 2002 U.S.Dist. Lexis 19435, *3 n.2 (N.D.Tex. October 9, 2002); <u>Herskowitz v. Charney</u>, 1995 U.S.Dist. Lexis 2681, *8 - *9 (S.D.N.Y. March 7, 1995) (Cedarbaum, J.); <u>Williams v. Texaco, Inc.</u>, 165 B.R. 662, 673 (D.N.M. 1994). <u>See</u> <u>also</u> E.D. Pa. Local Rule of Civil Procedure 72.1, IV(a). There is no provision in the Local Rule for any automatic stay or supersedeas upon the filing of objections to a magistrate judge's order.

Under the circumstances, it is clear that Aetna is in contempt of Magistrate Judge Smith's Order of December 22, 2003. Aetna knew of the Order the day it was entered. The Order has not been stayed and is in full force and effect. Aetna has defied the Order by failing to produce any of the documents that the Order required to be produced by January 12, 2004.

Because of Aetna's knowing disobedience of the Order of December 22, 2003, IBC respectfully requests this Court to impose a substantial coercive monetary penalty against Aetna if it does not fully comply with the Order within 20 days after a determination of contempt. In similar circumstances, courts have imposed substantial fines against entities that have knowingly refused to comply with discovery orders. <u>Richmark Corporation v. Timber Falling Consultants</u>, 959 F.2d 1468, 1481- 1482 (9th Cir. 1992), *cert. denied*, 506 U.S. 903 (1992) (court upheld a civil contempt order awarding the complainant $24,000 in attorneys fees and costs and imposing contempt fines of $10,000 per day against a corporation for its failure to comply with the discovery orders); <u>U.S. v. Darwin Construction Company</u>, 873 F.2d 750 (11th Cir. 1989) (court upheld the imposition of a civil contempt fine of $5,000 per day against a corporation for its failure to complete document production).

Considering Aetna's financial resources and the seriousness of the burden imposed on IBC and CCH, the record warrants the imposition of an initial coercive fine of at least $15,000 to coerce document production and additional coercive fines of $5,000 per day thereafter.  In addition, IBC seeks an award of legal fees pursuant to Fed.R.Civ.P. 37(b)(2), to cover the costs of preparing, filing, and litigating this motion as well as IBC's earlier motion to compel.

## IV.  CONCLUSION

For all the foregoing reasons, IBC respectfully requests the issuance of a rule upon Aetna to show cause why it should not be held in contempt and sanctioned for failure to comply with the Order of December 22, 2003, in accordance with 28 U.S.C.A. §636(e)(6)(B)(iii) and Federal Rules of Civil Procedure 37(b)(2).

Respectfully submitted,

_____

THOMAS A. LEONARD
WILLIAM J. LEONARD
RICHARD P. LIMBURG
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103
(215) 665-3000

HOWREY SIMON ARNOLD & WHITE LLP
JOHN DeQ BRIGGS
JAMES G. KRESS
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 383-7015

Attorneys for Defendants,
Independence Blue Cross,
Keystone Health Plan East,
QCC Insurance Company, and
Keystone Mercy Health Plan

Dated: January 16, 2004

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**THE CHESTER COUNTY HOSPITAL**

**v.**

**INDEPENDENCE BLUE CROSS,**
**QCC INSURANCE COMPANY,**
**KEYSTONE HEALTH PLAN EAST, and**
**KEYSTONE MERCY HEALTH PLAN**

CA No.  2:02CV2746

---

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Defendants' Motion for an Order of

Contempt and Sanctions against Aetna and Memorandum of Law in support thereof was served,

this 16th day of January 2004 as follows:


**VIA HAND DELIVERY**
James C. Crumlish, III, Esquire
Union Meeting Corporate Center V
P.O. Box 3010
925 Harvest Drive
Blue Bell, PA  19422
*Counsel for Aetna, Inc.*

**VIA HAND DELIVERY**
Lewis R. Olshin, Esquire
Duane Morris, LLP
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
*Counsel for Plaintiff,*
*Chester County Hospital*

**VIA FACSIMILE & FEDERAL EXPRESS**
Richard A. Feinstein, Esquire
Daniel A. Kotchen, Esquire
Boies, Schiller & Flexner, LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Facsimile No. (202) 237-6131
*Counsel for Plaintiff,*
*Chester County Hospital*

507130